## WILLIAMS v. COX.

(*Knoxville.*    September    25,    1897.)

1. BANKS AND BANKING.  *Reclaiming proceeds of check from insolvent bank.*

One who delivers a check to a bank when it is known by its officers to be hopelessly insolvent, has the right to reclaim it or its proceeds if they can be identified and separated.   (*Post, p. 404.*)

Cases cited and approved: Bruner v. Bank, 97 Tenn., 545; Williams v. Cox, 97 Tenn., 557.

2. SAME.  *Same.*  *Example.*

The proceeds of a check received for collection by a bank when its officers knew that it was hopelessly insolvent, and which was not collected until after the bank had failed, belong to the customer, although the check was sent for collection with other checks to another bank, which retained from the entire amount collected an amount exceeding that of such check, for its indemnity, remitting the remainder, exceeding the amount of the check, to the receiver of the former bank, as it will be presumed in such case that the proceeds of such check were remitted.   (*Post, pp. 404–408.*)

---

FROM   WASHINGTON.

---

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

ISAAC HARR and BURROW BROS. for Williams.

FAW & COX for Cox.

WILKES, J.   This case has been heretofore considered by this Court, and an opinion rendered, which is reported in 13 Pickle, 555.

After the hearing and decision of the case upon the record as it then stood, and the filing of the opinion of the Court, a written request was presented to the Court asking a rehearing upon the ground that an agreement entered into had been lost from the record.   This agreement was to the effect that the Johnson City bank was hopelessly insolvent when the check for $167.50 on the Assistant Treasurer of the United States was handed to it by complainant on the twelfth of November, 1894, and that this fact was well known to the officers of the bank.   It is agreed that such is the case, and that the cause be reheard with the addition of this fact to the original record.   We therefore rehear the case upon the record, with this fact in addition to what was before us on the original trial.

The check having been received by the bank when it was known to be hopelessly insolvent, the complainant, Williams, had the right to reclaim it or its proceeds if they could be identified and separated.   *Bruner* v. *The Bank,* 13 Pickle, 545, 546, and cases there cited.

It appears that when the New York bank received and collected this check the Johnson City bank had already closed its doors, which it did at noon on November 12, 1894, the same day it re-

ceived the check, and the New York bank collected it November 14, 1894. *Williams* v. *Cox*, 13 Pickle, 557.

It also appears that when the Johnson City bank closed its doors, the New York bank held of its funds, and was indebted to it $5,644.67; that it afterwards remitted to the receiver of the Johnson City bank all of this amount except $771.62, which it retained to indemnify itself against certain rediscounts which it had indorsed for the Johnson City bank. The check in controversy was a portion of the last remittance by the Johnson City bank to the New York bank before it closed its doors, the total of which was $496.87. See *Williams* v. *Cox*, 13 Pickle, 557.

It is now insisted that this Court will presume that the proceeds of this check were a portion of the $771.62 retained by the New York bank, and not a portion of the $4,873.05 sent to the receiver of the Johnson City bank, and hence the fund cannot be traced into the hands of the receiver, but must be presumed to be in the hands of the New York bank; that the burden of proof is on complainant to trace the fund and recover it from the party that had it when he filed his bill, and that, as against creditors of the insolvent bank, the Court will not presume the funds to be in the hands of the receiver, and fix a prior claim upon them, but will presume the contrary, so as to distribute the funds in the hands of the receiver *pro rata* among all the creditors.

There is nothing in the record to show the final disposition of the $771.62 retained by the New York bank to protect itself against its indorsement on the paper rediscounted for the Johnson City bank. If the paper thus rediscounted was paid, then this fund should, like the $4,873.05, have been returned to the receiver of the Johnson City bank.

Indeed, it admits of serious question whether the New York bank, after the insolvency of the Johnson City bank, had a right to withhold this $771.62, or any other funds of the Johnson City bank, for its indemnity, in the absence if any agreement previously made to that effect, and such agreement is not shown. But however that may be, it had no right to retain the proceeds of this identical check for that purpose, inasmuch as it did not receive and collect it until after the Johnson City bank closed its doors, and we cannot presume that it did retain these proceeds, but rather that it retained other funds of the Johnson City bank which it had previously received, and held for general account of that bank. As said in *Bruner* v. *Bank*, 13 Pickle, 545, all checks received by the New York bank after the Johnson City bank closed its doors should have been kept separate, and accounted for to the receivers or the true owners, and not credited to the Johnson City bank, and such credit, if given, could not prejudice complainant's right to rescind his contract for the fraud of the Johnson City bank, and to recover back the proceeds not credited when the Johnson City bank

failed. In other words, in view of the fraud of the Johnson City bank in receiving the check when it was insolvent and its failure before the check was collected, the proceeds of the check, when collected, were the property of the customer, Williams, and mingling them with other funds of the New York bank would not deprive him of the right to follow them, and it must be presumed the New York bank remitted the proceeds of that check to the receiver in the remittance of $4,873.05 and did not retain it.

We are not now considering the right of complainant, Williams, to follow the proceeds of his check into the New York bank, and recover them from that bank. That question is not presented, and the New York bank is not a party to this suit. Neither does any question arise as to the right of the New York bank to retain the proceeds of the check to make good any balance the Johnson City bank may have owed it on account, as the Johnson City bank did not, when it closed its doors, owe the New York bank anything, but, on the contrary, the New York bank had the funds of the Johnson City bank on deposit, and to the credit of that bank.

We are of opinion that because of the new fact injected into the record under the agreement, that the Johnson City bank's officials knew of its insolvency when they received complainant's check, he had a right to reclaim it, or its proceeds, and that such proceeds must be held to have come into the receiver's hands from the New York bank. Judg-

Williams *v.* Cox.

ment will therefore be rendered in complainant's favor for the amount of said check, less the amount received by the complainant on it, to wit, $133.83, and interest from November 14, 1894, and all the unpaid costs of this Court and of the Court below.