BANK v. McCARTY.

(*Knoxville.*    October 1,  1897.)

1. REGISTRATION.    *Upon invalid certificate of acknowledgment.*

The registration of a deed is ineffectual against the grantor's creditors when made upon a certificate of acknowledgment before the Clerk of a Court in another State without certification of the Clerk's official character by "the Judge, Chief Justice, or presiding magistrate of the Court."

Code construed: § 3721 (S.); § 2860 (M. & V.); § 2047 (T. & S.).

2. SAME.    *Re-registration does not relate back as against creditors.*

The re-registration of a defectively registered deed does not relate back, but takes effect as of date of the re-registration, as against the grantor's creditors.

Code construed: § 3749 (S.); § 2887 (M. & V.); § 2072 (T. & S.).

Cases cited and approved: Hays v. McGuire, 8 Yer., 91; Douglass v. Morford, 8 Yer., 373; Williams v. Walton, 8 Yer., 387; Grotenkemper v. Carver, 9 Lea, 280; Stroud v. McDaniel, 12 Lea, 617.

---

FROM  CAMPBELL.

---

Appeal from Chancery Court of Campbell County. H. B. LINDSAY, Ch.

J. E. JOHNSTON for Bank..

PH. SCHLOSSHAN for petitioner, King.

CALDWELL, J.    This is an attachment bill filed in the Chancery Court of Campbell County by the Cit-

izens' Bank of Jellico against J. W. McCarty and D. S. Ballou, to collect a note for $500.

A certain tract of land, situated in that county, was seized as the property of Ballou. It was adjudged subject to complainant's debt, and ordered to be sold. After advertisement was made H. C. King intervened by petition, in which he claimed to be the owner of the land by deed from Ballou, and sought to enjoin the sale. The bank answered the petition, proof was taken, and the Chancellor, upon final hearing, dismissed the petition. The Court of Chancery Appeals affirmed his decree, and King has appealed again.

King produced in evidence a formal deed of conveyance of Ballou to himself. That deed covered the land in question, and was noted for registration and registered in Campbell County, where the land lies, seven days before the complainant filed its bill, and forty days before the attachment was levied. From the certificate of probate the deed appears to have been executed in the "State of Virginia, County of Smyth," and acknowledged before the Clerk of the County Court of that county, under his seal of office. Upon this certificate, without more, the deed was registered. The registration was unquestionably ineffectual, as against the creditors of Ballou, and, therefore, afforded no protection against seizure under attachment, as in this case. To have authenticated the deed for registration, and thereby passed the title beyond the reach of his

creditors, it was indispensable that "the Judge, Chief Justice, or the presiding magistrate of the Court" before whose Clerk the acknowledgment was made, should "certify to the official character" of that Clerk. Code, § 2047; M. & V., § 2860; Shannon, § 3721.

The defect was discovered, the omitted certificate procured, and the deed, as amended, re-registered before the final decree below; but that did not affect the rights of the complainant, whose attachment had been levied on the land previously. The re-registration took effect as to creditors of the vendor from the date of the noting of the amended deed for registration, and did not relate back to the noting and registration of the defective deed. Code, § 2072; M. & V., § 2887; Shannon, § 3749; *Hays* v. *McGuire*, 8 Yer., 91; *Douglass* v. *Morford*, *Ib.*, 373; *Williams* v. *Walton*, *Ib.*, 387. The amended certificate, as between vendor and vendee, related back to date of acknowledgment before the Clerk, but not so as to creditors of the vendor. *Grotenkemper* v. *Carver*, 9 Lea, 280; *Stroud* v. *McDaniel*, 12 Lea, 617.

Affirmed.