BUILDING & LOAN ASSOCIATION *v.* RODGERS.

(*Jackson.* April 18, 1900.)

1. REGISTRATION. *Void for want of description of property.*

Registration of a mortgage is ineffectual against the mortgagor's creditors in which the mortgaged property is not sufficiently described—*e. g.*, where the calls are for a lot running 163 feet north, thence back on the same line 109 feet south, and thence 263 feet east, thus forming a right angle, but inclosing no land. (*Post, pp. 438, 439.*)

2. SAME. *Effect of notation.*

Notation of a deed in the Register's office stands for full and accurate registration of the instrument; but notation has performed its office when actual registration of the 'deed has taken place. A defective actual registration cannot be aided by the presumption that is made in favor of notation. (*Post, pp. 439, 440.*)

Code construed: §§ 3749, 3750, 3751 (S.); §§ 2887, 2888, 2889 (M. & V.); §§ 2072, 2073, 2074 (T. & S.).

Cases cited and approved: Flowers *v.* Wilkes, 1 Swan, 408; Swepson *v.* Bank, 9 Lea, 714; Hughes *v.* Powers, 99 Tenn., 480.

Cited and disapproved: Phillips *v.* Erwin, 1 Overton, 235.

3. SAME. *Ineffectual against prior levy on mortgagor's land.*

The registration of a mortgage, or its re-registration after a defective and invalid registration, made after a levy upon the mortgaged land by the mortgagor's creditor, is ineffectual to defeat such levy. (*Post, p. 440.*)

Case cited: Bank *v.* McCarty, 99 Tenn., 469.

4. DECREE. *In foreclosure suit.*

In a suit to foreclose a mortgage. the complainant is entitled to decree for his debt, although he fails in the matter of foreclosure. (*Post, p. 441.*)

FROM CARROLL.

Appeal from Chancery Court of Carroll County. A. G. HAWKINS, Ch.

McCALL & McCALL for Association.

ALVIN HAWKINS and J. T. PEELER *contra.*

CALDWELL, J. J. F. Rodgers gave his promissory note to the Southern Building & Loan Association for $600, and executed a deed of trust on a certain lot in the town of Huntingdon to secure its payment. Thereafter the same lot was condemned for sale under an execution issued by a Justice of the Peace on a judgment in favor of Jo R. Hawkins and against J. F. Rodgers. The original bill in this case was filed by the Southern Building & Loan Association, to restrain the sale in favor of Hawkins, to correct the defective registration of the deed of trust, and to foreclose that instrument by a judicial sale of the lot for the payment of the $600 note.

Hawkins answered the original bill, and filed a cross bill, in which he assailed the deed of trust as void against creditors because not properly registered, and sought to have the lot sold to satisfy his judgment and order of sale.

The original bill was dismissed as to Hawkins, and the relief prayed for in the cross bill was granted. The original complainant appealed.

This Court's conclusions in regard to the questions raised may be briefly stated.

1. That registration of the deed of trust was fatally defective, in that it described no property

at all, but only gave some inconsistent calls and unclosed lines.

The first line called for in the registered description runs north 163 feet; the second one runs back on the first south 109 feet; the third and last one runs east 263 feet, forming two right angles, without more, thus:

The spreading of such a description upon the Register's book gave the grantee nothing and interposed no obstruction against creditors of the grantor.

2. The fact that the registration of the deed of trust was preceded by statutory notation, under § 567 of Shannon's Code, could be of no avail to the original complainant after Hawkins had levied on the lot.

In the first instance, and while the instrument remained. in the office unregistered, the notation stood in the place of full and accurate registration as to all the world, and gave the grantee priority over all subsequent claimants, according to the legal import of the conveyance (Shannon's Code,

§§ 3749, 3750, 3751; *Flowers* v. *Wilkes,* 1 Swan, 408; *Swepson* v. *Bank,* 9 Lea, 714; *Hughes* v. *Powers,* 99 Tenn., 480); but when the deed of trust was registered and withdrawn, the notation no longer performed so large a function. After that, and when Hawkins made his levy, the registration stood for itself, and the failure of the instrument, as registered, to describe the property conveyed in the original, became conclusive upon the grantee, and left that property open to seizure by creditors of the grantor.

This ruling is not in conflict with the decision made in the case of *Phillips* v. *Erwin,* 1 Overton, 235. The suggestion there made, to the effect that the negligence of the Register would not be allowed to injure the owner of a deed left with him for registration, was purely arguendo, and could not have been intended to give a deed other force against creditors than that emanating properly from its registered terms.

3. The accurate registration of the deed of trust, pending this litigation, gave the Southern Building & Loan Association no advantage as against Hawkins, who had previously levied on the property conveyed. Re-registration does not relate back to the date of notation or to the original registration as against creditors of the grantor, but as to them it takes effect from the time it is made only. *Bank* v. *McCarty,* 99 Tenn., 469.

4. The Court erroneously failed to grant the original complainant a personal recovery against Rodgers for the balance due on the $600 note. To ascertain the amount of that balance the cause will be remanded for an account.

Modify and affirm.