STOOKSBERRY *et al. v.* HICKMAN *et al.*

(*Nashville,* December Term, 1945.)

Opinion filed May 4, 1946.

R. R. HAGGARD, of Waynesboro, for complainant.

C. L. BOYD, of Waynesboro, for defendant, appellant here.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The question for determination in this case is the validity of an acknowledgment of a deed executed in Alabama, conveying lands in Tennessee. Construction is called for of our statutory provisions for acknowledgments to deeds taken in other states, as now set out in 1932 Code, Section 7632.

S. S. Stooksberry et al. filed their bill in the Chancery Court of Wayne County, against P. E. Hickman et al., alleging, among other things, that Hickman is the assignee of a judment in the amount of $309 obtained by Robertson, Receiver, against Porter Brison et al.; that Hickman caused execution to be issued upon said judgment and levied on a tract of land in Wayne County, on April 18, 1945, as the property of Porter Brison; that Stooksberry had prior to that time, on March 23, 1943, purchased said land from Brison and that his deed was duly recorded June 5, 1943. The bill charged that the levy of execution constituted a cloud on the title of the land; that Hickman claims his levy is superior to the

title of Stooksberry, and the other complainants to whom Stooksberry had conveyed portions of said land, asserting that the registration of the said deed is invalid for the reason that it was acknowledged by the grantors before one Clyde Freeman, Register Circuit Court in Equity, of Tallapoosa County, Alabama, an officer not authorized to take acknowledgments, and for the further reason that the certificate of acknowledgment is void because there is no certificate as to the register's official 'character. Complainants maintain that the acknowledgment is not void; that said register circuit court in equity is the clerk of a court of record which is a court of general jurisdiction in law and equity, having a judge, two clerks, one of which is a clerk in equity, and a seal, and no certificate of clerk's official character is required. The bill sets out in detail the powers and duties of the register circuit court in .equity. These duties and powers are much the same as those of a clerk and master of a chancery court in Tennessee, and include the authority to take acknowledgments.

The prayer of the bill is that the court decree said acknowledgment and complainants' title valid, the levy of execution void, and that a sale under said execution be enjoined.

Defendant Hickman demurred on two grounds, in substance, that (1) register circuit court in equity is not such an officer or clerk of a court as is authorized to take acknowledgments, and (2) the acknowledgment is invalid because there is no certificate showing the official authority of such register circuit court in equity. The chancellor, in a thoroughly considered opinion, overruled the demurrer.

Defendant appealed, and has assigned errors by which he in substance challenges the validity of the acknowledg-

ment on the same grounds relied on in his demurrer.

Chapter 137 of the Public Acts of 1943 provides that our courts shall take judicial notice of both the statutory and common law of other states.

■ It would serve no useful purpose to here set out the duties and powers of register circuit court in equity in the State of Alabama. Suffice it to say they are just about the same as the powers and duties of a clerk and master of a chancery court in Tennessee. We are of the opinion that the register circuit court in equity in the State of Alabama is the clerk of a court of record, and such a clerk as is authorized by the 1932 Code, Section 7632, to take acknowledgments.

"The fact that the title of the officer as given in a certificate (of acknowledgment) from another jurisdiction varies somewhat from the title of the corresponding officer in the local jurisdiction or from the title as given in the statutory list of officers entitled to take acknowledgments does not render the certificate invalid." 1 Am. Jur., page 358.

The acknowledgment in question in this case is as follows:

"State of Alabama

"Tallapoosa County.

"Personally appeared before me, Clyde Freeman, a Register Circuit Court in Equity in and for said County and State, the within named Porter Brison and wife Sarah Brison, the bargainers, with whom I am personally acquainted, and who acknowledged that they executed the within deed, instrument for the purposes therein contained.

"Witness my hand and official seal, at Dadeville, Alabama, this the 27th day of March, 1943.

"Clyde Freeman,

"Register Circuit Court in Equity.

"My Commission expires:

"Jan. 15, 1947.

"Seal Circuit Court, Tallapoosa County, Alabama Equity."

Unquestionably, there was a time when such an acknowledgment would have been insufficient in Tennessee because of the want of a certificate of authority. *Bank of Jellico* v. *McCarty*, 99 Tenn. 469, 42 S. W. 4.

The 1932 Tennessee Code, Section 7632, pertaining to acknowledgments, when the party is out of the state, provides:

"7632. Out of the state but in union.—If the person executing the instrument resides or is beyond or without the limits of the state, but within the union or its territories or districts the acknowledgment may be made:

"(1) Before any court of record, or before the clerk of any court of record; or, before a commissioner for Tennessee, appointed by the governor; or before a notary public authorized there to take proof or acknowledgments.

"If the acknowledgment be made before a court of record, a copy of the entry of the acknowledgment on the record shall be certified by the clerk, under his seal of office; and the judge, chief justice, or presiding magistrate of the court shall certify as to the official character of the clerk.

"(2) Or, before any other officer of such state, territory or district, authorized by the laws there to take the proof and acknowledgment of deed. There shall in cases under (2) be subjoined or attached to the certificate of proof or acknowledgment, signed by such other officer, a certificate of the secretary of state of the state or territory in which such officer resides, under the seal of such

state, territory, or a certificate of the clerk of a court of record of such state, territory, or district, in the county in which said officer resides or in which he took such proof or acknowledgment under the seal of such court, stating that such officer was, at the time of taking such proof or acknowledgment duly authorized to take acknowledgments and proof of deeds of lands in said state, territory, or district, and that said secretary of state, or clerk of court is well acquainted with the handwriting of such officer, and that he verily believes that the signature affixed to such certificate of proof or acknowledgment is genuine.''

■ Our Uniform Acknowledgment Law, Chapter 48 of the Pub. Acts of 1919, was passed in order to make our laws conform to those in effect in many states, and to do away with uncertainty as far as possible.

In 1932 our official code was adopted in Tennessee and many laws were repealed or modified. Among these were the laws governing acknowledgments. Section 2 of the 1932 Code provides for the repeal of all public and general acts passed prior to the session of the general assembly at which the 1932 Code was adopted, and all such acts the subject of which were revised in the Code, with certain exceptions.

■ Our former acknowledgment acts do not fall within the exceptions provided. *Pennington* v. *Webb-Hammock Coal Co.*, 182 Tenn. 33, 184 S. W. (2d) 47, 48 and 49.

It will be noted that Section 7632 of the 1932 Code provides that, if the acknowledgment is made before a court of record, a copy of the entry of the acknowledgment on the record shall be certified by the clerk under his seal of office; and the judge, chief justice or presiding magistrate of the court shall certify as to the official character of the clerk, but there is no requirement under Section

7632, or any other section of the Tennessee Code of 1932, for any certificate showing the authority of the clerk *when the acknowledgment is taken before "the clerk of any court of record."*

In the case now under consideration, the acknowledgment was taken before the clerk of a court of record, who affixed the seal of his court. The 1932 Tennessee Code repealed the requirement of a certificate as to the official character of the clerk.

█ It results that the acknowledgment of the deed to Stooksberry conforms to Tennessee statutory requirements.

We are of opinion, as above indicated, that Clyde Freeman, Register Circuit Court in Equity, was such a clerk of a court of record as was authorized to take acknowledgments; that the form of the acknowledgment was proper, and that no certificate as to the official character of Clyde Freeman, Register Circuit Court in Equity, was necessary.

For the reasons stated, the decree of the Chancellor will be affirmed.