Francis *et al. v.* Williams Coal Mining Co.

(*Knoxville,* September Term, 1941.)

Opinion filed November 29, 1941.

JOE M. CARDEN, JOE M. AGEE, and A. W. SAULSBERRY, all of LaFollette, and HARRY B. BROWN, of Jellico, for appellants.

WILLISTON M. COX, and CHARLES E. RADER, both of Knoxville, for appellees.

FRANTZ, McCONNELL & SEYMOUR, of Knoxville, for Paul Francis, receiver.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The original bill herein was filed on March 27, 1940, by certain creditors of the defendant for the purpose of having it administered as an insolvent corporation. The bill was duly sustained, a receiver appointed, and the property sold and purchased by T. R. Middleton, Eleanor Middleton, E. M. Howard and Mattie E. Howard, to whom we shall refer hereinafter as appellees.

The Reconstruction Finance Corporation was also made a party defendant due to the fact that it held two

deeds of trust on the property of defendant as security for large sums of money advanced by it, said deeds of trust having been recorded on July 7, 1939, and December 30, 1939, respectively.

Before the foreclosure or sale of the property appellees purchased the notes held by the Reconstruction Finance Corporation, and they were substituted in its place and stead by order of the court.

The only question before this court for determination is whether the alleged liens of eight intervening petitioners, arising under the Workmen's Compensation Act, are superior to those of appellees by virtue of said two deeds of trust.

Appellees, by leave of the court, demurred to the said petitions upon the ground that their liens were superior to those of petitioners. The chancellor sustained the demurrers and dismissed the petitions. This action of the chancellor is assigned in this court for error.

The following table gives the dates upon which the various employees were injured and the length of time which had elapsed when the first deed of trust was recorded:

| Name | Date of Injury | Approximate Time before Recordation of First Trust Deed |
|---|---|---|
| James Carroll | Jan. 5, 1937 | 30 mo. |
| Mrs. James Riseden | Nov. 30, 1938 | 7 mo. |
| Garrett Baird | Apr. 9, 1938 | 15 mo. |
| Mrs. Killis P. Paul | Apr. 13, 1937 | 27 mo. |
| Frank Douglass | Aug. 19, 1937 | 23 mo. |
| Sherman Campbell | Dec. 28, 1936 | 30 mo. |
| Tillman Clear | July 12, 1937 | 24 mo. |
| Glen Hatmaker | Sept. 15, 1939 | (after) |

It will be noted that all of the petitioners, except Glen Hatmaker, were injured more than three months before the first trust deed was recorded. The claim of Hatmaker did not accrue until after the recording of the first deed of trust, but he was injured more than three months prior to the recording of the second deed of trust.

Five of these employees allege in their petitions that subsequent to the dates of their injuries they entered into compromise agreements with their employer and that copies of said agreements were filed with the Tennessee Department of Labor at Nashville; but there is no allegation in any of the petitions that claimants had filed suits to enforce their claims, or had their compromise agreements approved by a court of competent jurisdiction, with the exception of Tillman Clear, who recovered a judgment on his claim on February 5, 1940, which was subsequent to the recording of both deeds of trust, but he began his suit many months after the three months period had expired.

Section 17 of the Workmen's Compensation Act, Code section 6868, provides as follows:

"All rights of compensation granted by this chapter shall have the same preference or priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages for labor; provided, however, that such compensation shall not prejudice or be superior to the rights and interests of third persons in and to such assets if such rights and interests are secured by registered mortgage in any form or manner which is valid as to general creditors of the employer."

The sections of the Code creating a lien on the assets of the employer for unpaid wages for labor are as follows:

7989. "All employees and laborers of any corporation, or firm, carrying on any corporate or partnership business shall have a lien upon the corporate or firm property of every character and description, for any sums due them for labor and service performed for such corporation or firm, and such lien shall prevail over all other liens, except the vendor's lien or the lien of a mortgage, or deed of trust to secure purchase money."

7990. "The lien herein created shall only extend to and protect such claims as may have accrued within three months of the bringing of any suit for the enforcement thereof, and shall continue during the pendency of any suit brought for its enforcement."

██ ██ As heretofore stated, suits were not brought on any of these claims, with the exception of that of Hatmaker, to enforce the liens thus created within the three months period, so that petitioners have lost their right to claim a lien superior to that of appellees. Since Hatmaker was injured subsequent to the recording of the first deed of trust, under the express provision of Code section 6868, his lien was junior to that of appellees; and so far as the second deed of trust is concerned he did not institute suit upon his claim within the three months period so as to preserve his lien.

Counsel for petitioners invoke section 7991 of the Code, which is as follows:

"No corporation or partnership doing business in this state shall have the power to execute a mortgage or deed of trust or other instrument creating a lien upon the property of such corporation prior to that in favor of such employees and laborers, except to secure purchase money."

██ It is insisted that since these deeds of trust were

not executed to secure purchase money, under the authority of this section the petitioners should be decreed to have a superior lien to that of appellees. This section, however, when construed in conjunction with the two preceding sections, shows a plain intent to confer upon employees a lien for the period of three months from the date of injury, and that unless suit is brought within that time the lien is lost.

Counsel for petitioners take the position that the filing of the memorandum agreements with the Tennessee Department of Labor constituted constructive notice to appellees of their respective claims; but we find no such provision in the statute and have been cited to no authority in support of that contention.

Under the policy of our law secret liens are not favored, and a person invoking such a lien must bring himself strictly within its provisions.

By virtue of the statutes here involved the Legislature, in very clear language, has said that those who are injured while operating under the Workmen's Compensation Act may have a lien upon the assets of the employer, provided suit is instituted within three months. This, it seems to us, is a very wise provision since it protects the employees, and at the same time protects a purchaser of the assets of the employer to a limited extent. That is to say, under the statute, a prospective purchaser has to investigate only as to injuries that employees have sustained within the preceding three months period.

There is no error in the decrees of the chancellor and they are affirmed.