A. J. McKEE, Complainant-Appellant, v. DEVER BROTHERS et al., Defendants-Appellee.—284 S. W. (2d) 305.

Middle Section.   July 1, 1955.

Petition for Certiorari denied by Supreme Court, October 7, 1955.

Tomlinson & Dale, of Columbia, for appellant.

R. W. Stevens, of Fayetteville, for appellees.

HICKERSON, J. This suit involves a contest between Robert V. Tate, a workmen's compensation claimant, and A. J. McKee, the holder of a note secured by a registered chattel mortgage, for priority of payment out of personalty covered by the mortgage which was executed by the employer of Robert V. Tate, the workmen's compensation claimant.

The Chancellor decreed priority to Robert V. Tate, the workmen's compensation claimant. A. J. McKee, the holder of the note secured by the registered mortgage, appealed to this Court.

Only one question is presented for our determination: Did the Chancellor err in holding that the workmen's compensation claimant had priority of payment over the holder of the note secured by the registered mortgage executed by the employer of the workmen's compensation claimant, out of the personalty covered by the mortgage?

The parties stipulated that the Chancellor correctly found the facts. The opinion of the Chancellor is in the record. Wherefore, there is no dispute about the facts. The cause comes to this Court upon an abridged transcript of the record by consent of all parties.

The material facts are: Dever Brothers is a partnership which owned the equipment and operated a filling station and a restaurant in Fayetteville, Tennessee. Robert V. Tate was injured on December 17, 1952, while working for Dever Brothers under circumstances which entitled Tate to the benefit of the provisions of the Workmen's Compensation Act of Tennessee. Tate filed suit to establish his claim in the Circuit Court of Lincoln County, Tennessee, on January 27, 1953, and was granted a judgment on that claim against Dever Brothers on June 22, 1953, in the sum of $808.26 and costs of $21.10, making a total judgment of $829.36.

On December 18, 1952, A. J. McKee made a loan of $1,000 to Dever Brothers and on January 7, 1953, A. J. McKee made Dever Brothers a loan of another $1,000. Dever Brothers used this $2,000 to buy additional equipment for their filling station and restaurant. On January 13, 1953, Dever Brothers executed a chattel mortgage on their old equipment and the new equipment to secure to A. J. McKee the payment of this loan of $2,000. This mortgage was executed and registered on January 13, 1953. The $2,000 was advanced at the time upon the strength of the security of the mortgage.

At the time this loan was made and mortgage taken and registered to secure same, McKee had no knowledge, actual or constructive, that Tate had been injured as aforsaid. The loan and mortgage were made and taken in good faith. This registered mortgage created a valid lien upon the personalty described therein which gave McKee priority to the extent of the note of $2,000 over the general creditors of Dever Brothers. The property covered by the mortgage was sold and the proceeds of the sale were not enough to pay the note held by McKee which was secured by the mortgage.

Under these undisputed facts, the question for our determination is: Did the Chancellor err in holding that Tate's claim had preference in payment out of the assets of Dever Brothers described in the mortgage over the claim of McKee, which was secured by the registered mortgage covering these assets, the mortgage being valid as to the general creditors of Dever Brothers?

Code Section 6868 controls this litigation. This Code Section will be copied into this opinion in considering the decisions of our Supreme Court construing it.

Code Section 6868 has been construed by our Supreme Court in three cases: (1) Francis v. Williams Coal Min-

ing Co., 178 Tenn. 203, 156 S. W. (2d) 434, opinion by Judge McKinney. (2) Pennington v. Webb Hammock Coal Co., 182 Tenn. 33, 184 S. W. (2d) 47, opinion by Chief Justice Green. (3) Brady v. Reed, 186 Tenn. 556, 212 S. W. (2d) 378, opinion by Chief Justice Neil.

The Francis case was a suit to wind up an insolvent corporation. The Court said [178 Tenn. 203, 156 S. W. (2d) 435]:

"The only question before this court for determination is whether the alleged liens of eight intervening petitioners, arising under the Workmen's Compensation Act, are superior to those of appellees by virtue of said two deeds of trust."

The Court held the liens created by two deeds of trust were superior to the workmen's compensation lien claimants because the parties claiming the workmen's compensation liens had not filed their suits within three months from the dates of the injuries upon which the claims for compensation were based. The deeds of trust were not given to secure purchase money, but for loans, and were registered subsequent to the injuries upon which the workmen's compensation claims were based.

The Pennington case was a general creditors' proceeding.

The question in the Pennington case, pertinent to the case on trial, was whether workmen's compensation claims should be preferred over the claims of general creditors.

In order to construe Code Section 6868 with reference to the case of Francis v. Williams Coal Mining Co., Judge Green said [182 Tenn. 33, 184 S. W. (2d) 49]:

"The relevent statutes controlling this controversy are these. The Workmen's Compensation Act provides:

" '6868. All rights of compensation granted by this chapter shall have the same preference or priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages for labor; provided, however, that such compensation shall not prejudice or be superior to the rights and interests of third persons in and to such assets if such rights and interests are secured by registered mortgage in any form or manner which is valid as to general creditors of the employer.'

"The laborers' lien statutes provide:

" '7989. All employees and laborers of any corporation, or firm, carrying on any corporate or partnership business shall have a lien upon the corporate or firm property of every character and description, for any sums due them for labor and service performed for such corporation or firm, and such lien shall prevail over all other liens, except the vendor's lien or the lien of a mortgage, or deed of trust to secure purchase money.'

" '7990. The lien herein created shall only extend to and protect such claims as may have accrued within three months of the bringing of any suit for the enforcement thereof, and shall continue during the pendency of any suit brought for its enforcement.'

" '7991. No corporation or partnership doing business in this state shall have the power to execute a mortgage or deed of trust or other instrument creating a lien upon the property of such corporation prior to that in favor of such employees and laborers, except to secure purchase money.'

"While Code, Sec. 6868, says that the rights of compensation shall have the same preference as is ׳llowed by law for any unpaid wages for labor, fur-

ther language of that section shows that claims for compensation do not have the same preference as claims for unpaid wages. Section 6868 subordinates compensation claims to rights and interests secured by a registered mortgage which is valid as to general creditors, while Code, Sec. 7991, forbids the execution by any corporation or partnership of a mortgage or other instrument creating a lien upon the property of such corporation prior to that in favor of employees and laborers, except to secure purchase money. Under section 6868 a corporation solvent at the time might execute a mortgage which would be good against general creditors and consequently have priority over compensation claims, though not to secure purchase money.

"Under section 7991 a solvent corporation could not, except for purchase money, execute a mortgage which would be prior in right to wage claims of employees and laborers.

"The specific provision of section 6868 would, of course, control. Section 13 of the Code provides, 'If provisions of different chapters or articles of the Code appear to contravene each other, the provisions of each chapter or article shall prevail as to all matters and questions growing out of the subject matter of that chapter or article.'

\* \* \* \* \* \*

"The Francis case was no doubt rightly decided. As above noted, Code, Sec. 6868, subordinates compensation claims to claims secured by registered mortgage good against general creditors. There is nothing in the opinion of the Francis case indicating that the mortgagor corporation was not a going

concern and solvent at the time it executed each of the two trust deeds to which the lien claims were subordinated. While it was said, in substance, in the Francis case that priority would be denied compensation claims upon which suit was not brought within three months from the date of the injury, this language was not necessary to the decision and, upon further consideration, is retracted.''

Wherefore, the Supreme Court in the Pennington case expressly rejected the reasoning of the same Court in the Francis case to the effect that the compensation claimants could not sustain their claims for priority over the lien of the registered mortgage on the ground that the lien claimants had not filed suits to enforce their claims within three months after the injuries upon which their claims were based. But the Court in the Pennington case stated: ''The Francis case was no doubt rightly decided'', (because) ''as above noted, Code, Sec. 6868, subordinates compensation claims to claims secured by registered mortgage good against general creditors.''

In the Pennington case, workmen's compensation claimants, who filed their claims within the time allowed by the Workmen's Compensation Act and before distribution in the Pennington suit, were given preference over the general creditors.

The Brady case was a suit to recover upon a compensation claim, and to have a lien declared on the assets of the employer to secure the judgment awarded on the workmen's compensation claim. The Court said [186 Tenn. 556, 212 S. W. (2d) 382]:

''Had the petitioner filed his suit within ninety days following his injury, under the doctrine of lis pendens, it would have been constructive notice to all persons, including creditors of the employer and

subsequent purchasers, that the property was subject to his compensation claim. Not having asserted his claim within that time, he waived his lien, but did not lose his priority over general creditors.''

It will be noted that neither Judge Green in the Pennington case, nor Judge Neil in the Brady case made any statement or reference which would indicate that a creditor secured by a mortgage valid as to general creditors must take any notice of workmen's compensation lien claimants. Since Code Section 6868 expressly subordinates workmen's compensation liens to the lien of creditors secured by registered mortgage valid as to general creditors, such mortgage creditors had no concern about the claim of creditors under the Workmen's Compensation Act. Judge Green and Judge Neil, speaking for the Court in the Pennington case and the Brady case, referred only to general creditors of the employer and prospective purchasers of the assets of the employer as persons who must guard against the lien of workmen's compensation claimants. General creditors of the employer and purchasers of the assets of the employer are not excepted from the priority of the workmen's compensation liens under the Workmen's Compensation Act. Only a creditor secured by a registered mortgage valid as to general creditors is given preference over workmen's compensation liens under the Workmen's Compensation Act. Code Section 6868.

Code Section 6868 expressly provided that all rights of compensation granted under the Workmen's Compensation Act shall have priority against the assets of the employer that is allowed for unpaid wages for labor. The first provision is the first clause in Code Section 6868 and goes to the semicolon. After the semicolon there immediately follows: a ''provided, however,'' which

means "subject to the following exception." Then the exception is stated by which the Act expressly provides that the workmen's compensation claim shall not have priority over "the rights and interests of third persons in and to such assets if such rights and interests are secured by registered mortgage in any form or manner which is valid as to general creditors of the employer."

The facts in the case on trial bring the rights of A. J. McKee squarely within this exception which is provided under Code Section 6868. A. J. McKee was a creditor of Dever Brothers and his debt was secured by a registered mortgage which was "valid as to general creditors of the employer." The Chancellor so held, and the parties stipulated such holding was true. Wherefore, we are required under Section 13 of the Code to give effect to the exception in Section 6868 rather than give effect to conflicting provisions in the Code Sections relating to the liens for unpaid wages for labor.

We are not concerned judicially, except as an aid to construction, with the reason which prompted the Legislature to make the lien of a workmen's compensation claimant subordinate to the claim of a third person who advances money to the employer upon the security of a registered mortgage upon the assets of the employer when the mortgage is made under conditions which make it valid as to general creditors of the employer; and fail to make the claim of the workmen's compensation claimant subordinate to a purchaser for value of such assets. If we were looking for the reason, it appears quite apparent. Most business men, at times, and many of them customarily, borrow money and pledge their assets as security therefor by way of mortgage in order to have operating capital for their business. Where an employer carries his own workmen's compensation liability, he

would be required to make weekly payments, in some cases, more than eight years. If he could not borrow money during that time to operate his business on the pledge of his property as security, the business might suffer for lack of operating capital and fail. So, the Legislature provided wisely, it would seem, that an employer could borrow money; give a mortgage on his assets to secure same; and that such mortgagee would have priority in the assets covered by his mortgage when registered over the lien of workmen's compensation claimants if there were no fraud, and the mortgage was valid as to the general creditors of the employer. Quite probably, such lien would be advantageous to the employer and to the lien claimants, for it would enable the employer to continue to operate his business so he would be able to meet the weekly payments due to workmen's compensation claimants.

On the other hand, if an employer should sell his assets outright, such sale might put him out of business and destroy his ability to make the weekly payments to the workmen's compensation claimants. So, the purchaser of the assets takes them burdened with the lien of the workmen's compensation claimants; but the lender of the money secured by registered mortgage on the assets of the employer has a lien on such assets which is superior to the lien of the workmen's compensation claimants if the registered mortgage is valid as to the general creditors of the employer. The statute expressly so provides. Code Section 6868.

We have given our views as to the reasonableness of the provision in Code Section 6868 which subordinates the lien of workmen's compensation claimants to the lien of a creditor of the employer secured by a registered mortgage valid as to general creditors of the employer, out

of deference to the rule that the statute should be given a construction which would be reasonable.  50 Am. Jur., 385-389, Statutes, Section 377.

The assignments of error are sustained.  The decree of the Chancery Court is reversed.  Judgment will be entered here that the lien of A. J. McKee fixed by his registered mortgage was superior to the workmen's compensation lien of Robert V. Tate on the assets of Dever Brothers covered by the mortgage.  Tax all costs of the cause against Robert V. Tate.  Remand to enforce the judgment.

Felts and Shriver, JJ., concur.