FIDELITY & DEPOSIT COMPANY OF MARYLAND *v.* RIEFF.

Opinion delivered May 19, 1930.

*Horace Chamberlin,* for appellant.

*Carmichael & Hendricks,* for appellee.

HART, C. J., (after stating the facts). No contention is made about the validity of the indebtedness of D. C. Horton, Inc., to H. F. Rieff, and no objection is made to the form of the mortgage to him. The mortgage to Reiff by D. C. Horton, Inc., was also prior in point of time to that executed on the same lots in favor of the Fidelity & Deposit Company of Maryland.

It is earnestly insisted, however, by the Fidelity & Deposit Company that the acknowledgment of the mortgage by D. C. Horton, Inc., to Rieff was not in conformity

with the statute, and for that reason the mortgage to Rieff was not entitled to record, and under our statute did not constitute a lien on the lots as against the mortgage executed to it. Section 7380 of Crawford & Moses' Digest provides that mortgages shall be acknowledged in the same manner that deeds for the conveyance of real estate are now required to be acknowledged, and, when so acknowledged, shall be recorded in the county in which the real property is situated. Section 7381 provides that every mortgage for real property shall be a lien on the mortgaged property from the time it is filed for record and not before. It is conceded that these provisions of the statute were complied with, but it is insisted that the acknowledgment was defective.

In ordinary forms of acknowledgments, this court has held that a substantial compliance with what the statute requires to be done ought affirmatively to appear from the certificate. While a literal compliance is not required and while words of similar import to those used in the statute may be employed, yet there must be a substantial compliance with the statute. Courts cannot suggest by intendment important words omitted in the certificate of acknowledgment. *Jacoway* v. *Gault, Admr.,* 20 Ark. 194; and *Little* v. *Dodge,* 32 Ark. 453.

Section 1526 of the Digest relating to the acknowledgment of mortgages by corporations reads as follows:

"All deeds, conveyances, deeds of trust, mortgages and other instruments in writing affecting or purporting to affect the title to any real estate situated in this State and executed by corporations, the form of acknowledgment shall be as follows:

" 'On this............day of........................, 19......, before me, a notary public, duly commissioned, qualified and acting, within and for said county and State, appeared in person the within named........................and........................, (being the person or persons authorized by said corporation to execute such instrument, stating their respective capacities in that behalf), to me personally well known,

who stated that they were the...............................and...............................
of the..................................................a corporation, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of said corporation, and further stated and acknowledged that they had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.' "

At the outset, it may be stated that the seal of the corporation, accompanied with the signature or signatures of the appropriate officer or officers of the corporation becomes *prima facie* evidence that such officer or officers had due authority from the corporation to execute the instrument, so as to cast the burden of proof upon one who challenges its validity. 10 Cyc., page 1018. This court has recognized the rule, and has held that a deed executed by the president of a corporation and bearing its seal raises the presumption that he was authorized to execute the instrument. *Sibly* v. *England*, 90 Ark. 420, 119 S. W. 820; and *Cotton* v. *White*, 131 Ark. 275, 199 S. W. 116.

An examination of the certificate of acknowledgment of the mortgage from D. C. Horton, Inc., to H. F. Rieff made before a notary public, when read in connection with the mortgage itself, shows that the mortgage was executed by a corporation. In the body of the mortgage it is recited that the mortgagor is D. C. Horton, Inc. The mortgage is signed D. C. Horton, Inc., by D. C. Horton, president. To the left is the seal of the corporation, and under it appears the following: "Attest: E. F. Horton, secretary." It is conceded that the word "seal" indicates the seal of the corporation.

So it will be seen that the mortgage itself purports to be the act of the corporation executed by its president and attested by its secretary with the corporate seal affixed. No effort was made to show that the president was not authorized to execute the mortgage, and it was not necessary that the mortgage should recite the vote

of the corporation that the president was authorized to execute the mortgage. This was not essential to the validity of the mortgage, and the statute did not require it to be done. The acknowledgment recites that D. C. Horton, president, and E. F. Horton, secretary, of D. C. Horton, Inc., well known to the notary as the grantors in the body of the deed, appeared and stated that they had executed the same for the consideration and purposes therein mentioned and set forth. In the absence of proof to the contrary, the recitals of the certificate of acknowledgment, taken in connection with the recitals in the mortgage itself, show that it was executed by a corporation, and that the president and secretary acted for the corporation affixing the corporate seal, and acknowledging that they had done so as officers of the corporation. This was equivalent to a recital that they were duly authorized in their respective capacities to execute the mortgage for the corporation, and that they were the persons authorized by the corporation to execute it.

As we have already seen, all that has ever been required with reference to the ordinary acknowledgment of a deed or mortgage is a substantial compliance with the statute. While the certifying officer does not declare in express terms that the president and secretary were authorized to execute the instrument, still that was the effect of the acknowledgment when read in connection with the recitals of the mortgage itself. The mortgage purports to be the act of the corporation executed by D. C. Horton, president and attested by E. F. Horton, secretary, with the corporate seal affixed. It is recited in the acknowledgment that these persons were known to the certifying officer as the president and secretary of the corporation, and this is a substantial compliance with the statute, and was sufficient to admit the mortgage to be filed for record. It constituted a prior and paramount lien to the mortgage given by the same corporation at a later date to the appellant. As we have already seen, the authority of the president and secretary to exe-

cute the mortgage will be assumed under the doctrine of our own cases above cited; and the affixing by the secretary of the corporate seal determines the sufficiency of the acknowledgment as to the corporate intent. Authorities on both sides of the question may be found in case notes to 29 A. L. R. at page 989 and 108 A. S. R. at page 573.

Therefore the decree will be affirmed.