Blocker v. Sewell.

4-3724

Opinion delivered November 5, 1934.

*James D. Shaver, James H. Williams* and *Will Steel,* for appellants.

*Ben Carter,* for appellees.

BAKER, J. Citizens and taxpayers of Miller County filed their petition with the county clerk in that county to initiate a salary act for county officers. This salary act was filed in thirty-eight parts on September 4, 1934, and there was noted on the petitions a filing mark of the county judge of the same date it was filed with the county clerk.

On September 9 the clerk decided the sufficiency of the petitions and approved them, and on September 10 an order was made by the county court, directing the county clerk to give notice, over the signature of the county judge and county clerk, by publication and directing the clerk to certify the submission of the proposed act to the county board of election commissioners of Miller County, Arkansas, with directions to submit to the electors of Miller County the said "initiative act No. 1 of Miller County, Arkansas. An act to fix the salaries and expenses of county officers and to fix the manner in which such compensations and salaries shall be paid and to reduce the costs of county government, and for other purposes.

"For initiative act No. 1 of Miller County, Arkansas,

"Against initiative act No. 1 of Miller County, Arkansas."

The notice of publication was signed by Sewell as county judge and Ben Wilson as county clerk.

This suit filed in the Miller Chancery Court was instituted by certain citizens and taxpayers against Sewell, as county judge, and Wilson, as county clerk, and against the election commissioners of the county and their successors, challenging the sufficiency, legality and

constitutionality of the salary act proposed to be submitted at the general election on November 6. The several objections urged in the complaint will appear, sufficiently in detail, in the opinion covering propositions urged in the brief.

A restraining order was prayed to prevent the certification and placing of the proposed act upon the ballot to be voted upon at the general election.

Certain other citizens and taxpayers intervened, made themselves parties, demurred specifically to each paragraph in the complaint and at the same time filed an answer. The answer denied all of the allegations of the complaint.

Ben Wilson, county clerk, was sworn and testified substantially to the facts as set forth in this statement, introducing a copy of the petition containing the affidavits of the parties circulating them and showing the respective filing marks of himself and the county judge and also the order of the county judge, the effect of which has been stated, and also the certificate of the clerk, upon his examination of the petitions, which certificate was dated the 10th day of September, and filed with the petitions. This certificate was to the effect that the petition bears the signature of 1,031 persons, shown by affidavit attached, to be legal and qualified voters and electors of Miller County, and further that in the last preceding general election in Miller County, Arkansas, the total vote cast for the circuit clerk of Miller County, Arkansas, was 663. His finding was that more than 1,031 legal voters had signed the initiative petitions, and that the petitions were sufficient to order said proposed act to be submitted to the people for adoption at the general election to be held in Miller County.

The first proposition argued in appellant's brief is that there was no ballot title. The matter of a ballot title and the sufficiency thereof was decided by us in the case of *Coleman* v. *Sherrill, ante* p. 843. In that opinion we held that the title of the proposed act, as set forth in the petition, was a ballot title and that it was sufficient. The title of the proposed act in this case is essentially of the same form and effect, and it can not be helpful to render

another opinion. The title of the proposed act is the ballot title, and is sufficient.

The next matter suggested is to the effect that there is no sufficient affidavit of the parties who circulated the petition. There were thirty-eight separate parts of the petition filed, and, as we understand the record in this case, there was an affidavit attached to each of the thirty-eight parts thereof. Amendment No. 7 provides that each part of the petition shall have attached thereto the affidavit of the persons circulating the same and to the effect that all signatures thereon were made in the presence of the affiant and that to the best of affiant's knowledge and belief each signature is genuine and that the person signing is a legal voter. One affidavit to each of the parts is all Amendment No. 7 calls for, and there is no requirement that each page of the said petition shall have attached to it a separate affidavit, though, of course, if a part consisted of only one page, as circulated by one solicitor, then the person circulating the petition would make the affidavit as required. A part, however, may consist of many pages circulated by one person.

It is also objected in regard to the affidavit that it contains no expression of "belief that each signature is genuine." The affiant did swear that each of the parties making the affidavits signed the petition, and each of the other petitioners signed his or her name thereunto in his presence, and also the belief that each stated his or her name, residence, post office, and voting precinct correctly, and that each of them is a legal voter in Miller County, Arkansas. This is not the exact language of that part of Amendment No. 7 under the head of "verification," but this affidavit contains words of equal import or meaning. The affiant says that they signed in his presence. His belief is that each has stated his or her name, residence, post office and voting precinct correctly and that each was a legal voter. If this affidavit means anything, it meets the objection made and the effect is that the signatures are genuine.

There is no such sanctity in words that we feel impelled to enforce their use when substantially the same thing is otherwise stated. This court has watched with

jealous care the enforcement of the law of acknowledgments, but, in requiring always a substantial compliance with the statutes, has permitted the use of "signed said deed" for "executed the deed"; "freely and of her own consent and not by persuasion or compulsion by her husband" for "without compulsion or undue influence of her husband." *Little* v. *Dodge*, 32 Ark. 454.

Chief Justice HART, in *Fidelity & Deposit Co. of Maryland* v. *Rieff*, 181 Ark. 798, 803, 27 S. W. (2d) 1008, said: "As we have already seen, all that has ever been required with reference to the ordinary acknowledgment of a deed or mortgage is a substantial compliance with the statute."

We said, in the case of *Coleman* v. *Sherrill, ante* p. 843, that Amendment No. 7, in order to effectuate the purposes intended, would be liberally construed. It must be seen that in the strict enforcement of statutes, mandatory in effect, substantial compliance only is meant, so that we hold a substantial compliance here must be sufficient. We have no desire to make a fetish of the word "genuine."

The next contention is that the petitions were not filed in time, and it is argued that under act 356 of 1927, page 1159, the petition shall be filed with the county judge, at least sixty days before the election at which it was to be submitted. Whether necessary or not, that was done. The petition was filed first with the county clerk, as provided in Amendment No. 7 and on the same day it bears the file marks of the county judge. The filing with the county clerk was on September 4. This was certainly more than 60 days prior to the date of the election. The amendment provides that the sufficiency of all such local petitions shall be decided, in the first instance, by the county clerk, and that matters of county initiative acts are subject to review by the chancery court. The county clerk acted upon the petition, approved it, held it sufficient, and, since Amendment No. 7 is self-executing, it could have been then placed upon the ballot without the aid of act 356 of 1927.

We are perfectly well aware of the fact that act 356, above mentioned, provides that the petition shall be filed

with the county judge, and § 2 of that act provides that the county judge shall submit all such petitions to election commissions. Whatever force and effect the act may have as distinguished from the provisions of Amendment No. 7, the county judge, in addition to what the clerk did, acted upon the petitions, directing them to be submitted to the election commissioners, but it is not necessary at this time that we decide anything with reference to act 356.

The proposed initiative act is criticized, and it is alleged that in its operation it will result in a diversion of taxes, contrary to constitutional provisions. That may or may not be true, but that question is not before us at this time for several reasons. The first is that the proposed act may not be adopted by Miller County. If it should be adopted and objections then be raised, and a case be presented upon the proposition as to a wrongful diversion of funds, that question will then be determined.

The only other proposition remaining is the fact that the petition for the proposed act asked that the act be submitted at the next general election to be held on November 5, 1934. Amendment No. 7 provides, of course, that measures to be initiated shall be submitted only at the general election. There is no election to be held on November 5, 1934. When the petitioners prayed for the submission of the act at the general election, they fixed the date, just as definitely as the date for the holding of the election is fixed by law. A mere clerical error will not be allowed to defeat the measure when no prejudice could have possibly resulted.

We find no error in the order and decree of the chancery court. The case is affirmed.