PENNINGTON *v.* WEBB-HAMMOCK COAL Co. *et al.*

(*Knoxville,* September Term, 1944.)

Opinion filed December 2, 1944.

34

HOWARD H. BAKER, of Huntsville, for Jellico Grocery Co., Harriman Oil Co., L. O. Scott and Porter B. Rector, Receiver of Webb-Hammock Coal Co.

WARD R. CASE, of Jamestown, for Roosevelt Lane *et al.*

FOWLER & FOWLER, of Knoxville, for Nashville Coal Co., intervening petitioner.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

36

This is a general creditors' proceeding in which there are numerous controversies. We have dealt with all these matters in a memorandum heretofore filed. Two of the questions we considered are of general interest to the profession and our discussion of these questions is here reproduced.

█ To secure purchase money indebtedness to Nashville Coal Company, Webb-Hammock Coal Company, the insolvent corporation being wound up herein, executed a trust deed. The chancellor and the Court of Appeals denied priority of payment to this claim over the claims of general creditors. The lower courts so decreed because in their opinion the acknowledgment of the trust deed was defective and that instrument was not entitled to registration although it was spread on the books of the register's office in Scott County. Of course it is the law that registration of a document upon a defective certificate of acknowledgment does not serve as notice under the registration laws. *Hunt* v. *Curry*, 153 Tenn. 11, 282 S. W. 201; *Bank of Jellico* v. *McCarty*, 99 Tenn. 469, 42 S. W. 4.

█ As heretofore stated, Webb-Hammock Coal Company executing this trust deed was a corporation and acknowledged the trust deed according to the form prescribed for individuals before a notary public. Section 7663 of the Code provides two forms for the authentication for record of a deed or other instrument in writing executed by a corporation. Both of these forms are set out in that section. Both require that the officer make oath as to his official corporate capacity, as to whether he is president or other officer, and both require that he make oath as to his authority to act for the corporation. No such oath is required of an individual acknowledging

a deed or other instrument for registration. Code, sec. 7634.

Section 7663 of the Code, prescribing forms for corporate acknowledgment, is taken from subsection 3 of section 1 of Chapter 48 of the Public Acts of 1919. The first paragraph of section 1 of the Act of 1919 contains this language: "Either the forms of acknowledgment now in use in this State, or the following may be used in the case of conveyances or other written instruments, whenever such acknowledgment is required or authorized by law for any purpose." The Act then goes on to provide forms of acknowledgment for natural persons and forms of acknowledgment for corporations or joint stock associations, to which latter forms we have just above referred.

The Code entirely omitted the language just quoted from section 1 of the Act of 1919. Furthermore, section 3 of the Act was carried into section 7632 of the Code but in a modified form and that portion of section 1 of the Act carried into section 7634 of the Code was modified. Clearly, then, Chapter 48 of the Public Acts of 1919 was revised before it was embodied in the Code of 1932, and section 2 of the Code contains the following:

"All public and general acts passed prior to the present session of the general assembly, and all such acts the subjects whereof are revised in this Code, except those named below, subject to the limitations and with the exceptions herein expressed, are repealed."

The Act of 1919 does not fall within any of the exceptions and there is no escape from the conclusion of the chancellor and the Court of Appeals that the Code worked a repeal of Chapter 48 of the Public Acts of 1919 including the first paragraph of the first section of that Act authorizing the use of old forms of acknowledgment.

As to natural persons, to avoid any confusion, it is to be noted that section 7634 of the Code expressly authorizes the use of the old form of acknowledgment as well as the use of the new forms contained in the Act of 1919. There is no authority, however, in the Code for the use of any other form of acknowledgment for a corporate deed save the forms set out in Code, sec. 7663, and we are of opinion that those forms should be substantially followed.

In this matter the decree of the lower court is affirmed.

The other question we consider herein is whether workmen's compensation claims are entitled to priority of payment over claims of general creditors.

The chancellor held that the compensation claims were entitled to no preference over the claims of general creditors. The Court of Appeals held that such installments of the compensation claims as accrued within three months before suit was brought were entitled to preference. The chancellor based his decision on *Francis* v. *Williams Coal Mining Co.*, 178 Tenn. 203, 156 S. W. (2d) 434. In its modification of the chancellor's decree, the Court of Appeals distinguished the *Francis Case.*

The relevant statutes controlling this controversy are these. The Workmen's Compensation Act provides:

"6868. All rights of compensation granted by this chapter shall have the same preference or priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages for labor; provided, however, that such compensation shall not prejudice or be superior to the rights and interests of third persons in and to such assets if such rights and interests are secured by registered mortgage in any form or manner which is valid as to general creditors of the employer."

The laborers' lien statutes provide:

"7989. All employees and laborers of any corporation, or firm, carrying on any corporate or partnership business shall have a lien upon the corporate or firm property of every character and description, for any sums due them for labor and service performed for such corporation or firm, and such lien shall prevail over all other liens, except the vendor's lien or the lien of a mortgage, or deed of trust to secure purchase money."

"7990. The lien herein created shall only extend to and protect such claims as may have accrued within three months of the bringing of any suit for the enforcement, thereof, and shall continue during the pendency of any suit brought for its enforcement."

"7991. No corporation or partnership doing business in this state shall have the power to execute a mortgage or deed of trust or other instrument creating a lien upon the property of such corporation prior to that in favor of such employees and laborers, except to secure purchase money."

While Code, section 6868, says that the rights of compensation shall have the same preference as is allowed by law for any unpaid wages for labor, further language of that section shows that claims for compensation do not have the same preference as claims for unpaid wages. Section 6868 subordinates compensation claims to rights and interests secured by a registered mortgage which is valid as to general creditors, while Code, section 7991, forbids the execution by any corporation or partnership of a mortgage or other instrument creating a lien upon the property of such corporation prior to that in favor of employees and laborers, except to secure purchase money. Under section 6868 a corporation solvent at the time might execute a mortgage which would be good against general creditors and consequently have priority

over compensation claims, though not to secure purchase money.

Under section 7991 a solvent corporation could not, except for purchase money, execute a mortgage which would be prior in right to wage claims of employees and laborers.

The specific provision of section 6868 would, of course, control. Section 13 of the Code provides, "If provisions of different chapters or articles of the Code appear to contravene each other, the provisions of each chapter or article shall prevail as to all matters and questions growing out of the subject matter of that chapter or article."

Code, section 7989, gives employees and laborers a lien for wages due them, but section 7990 restricts the lien to so much only of these claims as accrued within three months of suit for their enforcement. Section 7990, is not, strictly speaking, a statute of limitations but it is a qualification of section 7989 and is a limitation and description of the wage claims entitled to the lien. The two sections taken together do not provide a lien for the whole of the wage claims but for only so much thereof as accrued within three months before suit.

Code, section 6868, with reference to compensation claims, does not restrict the priority given to such claims to any fractional portion thereof, or to any portion thereof accruing within a particular time. The language of section 6868 is that "all rights of compensation . . . shall have the same preference or priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages for labor."

We have examined the compensation statutes of a number of States as those statutes accord priority to claims arising thereunder. The language usually em-

ployed is that such claims shall have the same preference or priority as the claims of laborers and employees for wages.

Tennessee was not among the earlier States to enact workmen's compensation laws. The statutes of many other States were before our lawmakers when they enacted Chapter 123 of the Public Acts of 1919, carried into the Code at section 6851 *et seq.* Our statute was patterned after some of the statutes of other States. When it came to providing preference for workmen's compensation claims, our statute did not follow the usual formula and give these claims the same priority as is given to the wage claims of laborers but it gave to the whole of the compensation claims the same priority "as is allowed by law for any unpaid wages for labor."

From the language used, the Legislature evidently had in mind that only a part of wage claims due were a lien on the employer's property—that part that had accrued within three months of suit. The lawmakers plainly intended to make a broader provision as to compensation claims, for they said that the whole of such claims should have that priority provided for any, or any part, of unpaid wages for labor.

It is said, however, that this Court announced a contrary ruling in *Francis* v. *Williams Coal Mining Co.,* *supra.* That case differs from the case before us in that it was a contest for priority between workmen's compensation claimants and claimants under registered trust deeds. The present contest is one between workmen's compensation claimants and general creditors.

The *Francis Case* was no doubt rightly decided. As above noted, Code, section 6868, subordinates compensation claims to claims secured by registered mortgage good against general creditors. There is nothing in the opinion

of the *Francis Case* indicating that the mortgagor corporation was not a going concern and solvent at the time it executed each of the two trust deeds to which the lien claims were subordinated. While it was said, in substance, in the *Francis Case* that priority would be denied compensation claims upon which suit was not brought within three months from the date of the injury, this language was not necessary to the decision and, upon further consideration, is retracted.

Suits under the Workmen's Compensation Law, as a rule, must be brought within one year after the occurrence of the injury. Code, section 6884. In a general creditors' proceedings of course such claims must be asserted before distribution as well as within the limitations of the compensation statute. Within whatever time these claims are permissibly sued upon, for the reasons stated, we think the whole of such claims are entitled to priority of payment out of the employer's assets, as against the employer's general creditors.

There are four of the workmen's compensation claims. Three of them were allowed by the chancellor but they were denied preference. He reserved his decision as to one.

The employee Lane recovered a judgment for injuries. This judgment was entered April 13, 1942, thirty-three days before the creditors' bill was filed herein. His intervening petition was filed June 23, 1942.

So much of the laborer's lien as is given priority under sections 7989 and 7990 of the Code is made by section 7989 "a lien upon the corporate or firm property of every character and description." We have above noted that all rights of compensation "are given a like priority" for "the whole thereof." The judgment in favor of Lane is conclusive of the fact that his suit was brought within

the limitations of the compensation statute and the judgment preserved his lien and is entitled to satisfaction prior to the claims of general creditors.

The employee Draughn was killed November 24, 1941, four months and twenty days before the creditors' bill herein. His widow filed an intervening petition and liability was adjudged in her favor. She was given the status of a general creditor by the chancellor's decree. Mrs. Draughn's petition was filed September 24, 1942, less than a year after her husband was killed. This claim is entitled to priority of payment.

The employee Jordan was killed February 7, 1939. A written settlement between his widow and the employer was entered into on March 28, 1939, and periodical payments made to her up to a date within less than a year of the time in which she filed her intervening petition herein. This is apparent from the balance found to be due her. Although this settlement was not approved by the Court nevertheless, it amounted to a new promise on the part of the employer, and the twelve months' statute did not begin to run against this widow until payments to her ceased and the contract of settlement was breached. *Collins* v. *Murray,* 164 Tenn. 580, 51 S. W. (2d) 834. This claim is entitled to priority of payment.

The chancellor reserved his decision on the claim of the employee Custard. This claim must therefore be disposed of on the remand of the cause.

Considerable reference has been made to the antipathy of the law respecting secret liens. It is argued that the statutes providing liens to secure compensation claims should be somewhat narrowly construed by way of protection of those extending credit to the employer or to those purchasing the employer's assets.

There is nothing, however, secret about the lien created for the benefit of claimants under the workmen's compensation law. A report to the Department of Labor is exacted from every establishment operated by persons subject to the workmen's compensation law (Code, section 5368) of every accident within ten days after it shall occur (Code, section 5364). Failure by the employer to make such report is denounced as a criminal offense (Code, section 5367). A permanent record is made of the information obtained from these reports and preserved in the Department of Labor- (Code, section 5369).

From the foregoing it appears that a person dealing with an employer of labor has easy access to information that will enable him to determine whether any compensation liens rest upon or threaten the property of such employer.

In this matter the decree of the Court of Appeals will be modified as indicated.

Remanded for further proceedings.