In re AIRPORT–81 NURSING CARE, INC., Debtor.

DAVID LEONARD ASSOCIATES, P.C., Plaintiff,

v.

AIRPORT–81 NURSING CARE, INC.; First National Bank of Sullivan County and John H. McConnell, Trustee; Vulcan Materials; Loyce Franklin and wife, Patsy Franklin, and Cline Franklin, Substitute Trustee; Robert B. Carter, Trustee in Bankruptcy, Defendants.

FIRST AMERICAN BANK—EASTERN, N.A. (formerly First National Bank of Sullivan County); Loyce Franklin; Robert B. Carter, Trustee in Bankruptcy, Counterclaimants,

v.

DAVID LEONARD ASSOCIATES, P.C., Counterdefendant.

Robert B. CARTER, Trustee in Bankruptcy, Third-Party Plaintiff and Cross-Claimant,

v.

Thomas H. LOWE, Trustee; Lynn M. Lauderback, Trustee; Phil Carter d/b/a Carter & Associates, Third-Party Defendants,

First National Bank of Sullivan County and John H. McConnell, Trustee; Vulcan Materials; Loyce Franklin and wife, Patsy Franklin, Cross-Defendants.

FIRST AMERICAN BANK—EASTERN, N.A. (formerly First National Bank of Sullivan County), Cross-Claimant,

v.

AIRPORT–81 NURSING CARE, INC.; Vulcan Materials; Loyce Franklin and wife, Patsy Franklin; Robert B. Carter, Trustee in Bankruptcy, Cross-Defendants.

Loyce FRANKLIN, Cross-Claimant,

v.

FIRST AMERICAN BANK—EASTERN, N.A.; Vulcan Materials; Robert B. Car-

502

ter, Trustee in Bankruptcy, Cross-Defendants.

Bankruptcy No. 3–82–00690.
Adv. No. 3–82–0909.

United States Bankruptcy Court,
E.D. Tennessee.

March 28, 1983.

Jackson C. Raulston, Kingsport, Tenn., for plaintiff.

Wilson, Worley, Gamble & Ward, P.C., O. Taylor Pickard, Jr., Kingsport, Tenn., for First American Bank—Eastern, N.A. (formerly First National Bank of Sullivan County) and John H. McConnell, Trustee.

Frank D. Gibson, Kingsport, Tenn., for Vulcan Materials, Inc.

Don F. Mason, Jr., Kingsport, Tenn., for Loyce Franklin and wife, Patsy Franklin.

Robert B. Carter, pro se.

Carl W. Eilers, Kingsport, Tenn., for third-party defendant Phil Carter d/b/a Carter & Associates.

Lynn M. Lauderback, pro se.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is the validity of the certificates of acknowledgment in two deeds of trust, securing the same obligation, executed by the debtor in favor of the former First National Bank of Sullivan County, now known as First American Bank—Eastern, N.A. (Bank).[1] Plaintiff David Leonard Associates, P.C., an architectural firm, contends that it is entitled to a lien against the six-acre tract particularly described in both of the Bank's deeds of trust and that its lien is superior to any interest of the Bank because the deeds of trust held by the Bank are improperly acknowledged. The trustee in bankruptcy, Robert B. Carter, also contends the Bank's deeds of trust against the six-acre tract are defectively acknowledged. The Bank denies the acknowledgments are defective, insisting that they substantially comply with the statutory requirements of Tenn.Code Ann. § 66–22–108 (Supp.1982). The Bank also maintains it holds a valid deed of trust against a 0.52-acre tract contiguous to the six-acre tract and that the combined market value of the two tracts is less than the amount of the debtor's obligation to it. Therefore, the Bank requests the court to determine its deeds of trust are valid and enforceable, to order the trustee to abandon both tracts as burdensome to the debtor's estate, and to lift the automat-ic stay of 11 U.S.C.A. § 362 (1979) to permit foreclosure.

## I

Plaintiff David Leonard Associates, P.C., (Leonard) filed an involuntary chapter 7 petition against debtor Airport-81 Nursing Care, Inc., on May 17, 1982. The allegations of the involuntary petition were controverted. After trial of the issues, this court sustained the involuntary petition and entered an order for relief under chapter 7 on July 12, 1982.[2]

Previous to the filing of the involuntary petition, plaintiff and the debtor entered into an agreement for plaintiff's architectural services in connection with debtor's proposed construction of a nursing home facility on a 6.52-acre site in Sullivan County. The agreement, dated April 30, 1981, provided plaintiff would receive $86,200.00 for its basic services. This compensation was to be paid in phases. The projected nursing home facility was never constructed. Plaintiff Leonard filed a complaint against the debtor in Sullivan County Chancery Court to recover the amount of $64,-650.00 allegedly due under the April 30, 1981, agreement. In conjunction with the filing of its complaint, plaintiff filed its notice of lien lis pendens on February 17, 1982. The notice includes a description of six acres of the 6.52-acre site where debtor's nursing home was to have been constructed. Although admitting the effective date of the amendment of Tenn.Code Ann. § 66–11–102 (*Lien for work and materials*) (Supp.1982) creating a lien for architectural or engineering services is April 1, 1982, plaintiff nonetheless insists it is entitled to a lien against the six-acre tract described in

1. Although this adversary proceeding involves other issues, this Memorandum is initially limited to a consideration of the validity of the challenged acknowledgments. If the acknowledgment certificates accompanying the October 23, 1978 and the May 1, 1980, deeds of trust are fatally defective, the court will also consider whether the Bank's re-recordation on April 23, 1982, of the May 1, 1980, deed of trust with a substituted acknowledgment certificate was a preferential transfer.

2. The court determined the debtor was a "person," 11 U.S.C.A. § 101(30) (1979), against whom an involuntary case could be commenced; the petitioner Leonard held a noncontingent claim in an amount in excess of $5,000.00; and the debtor was generally not paying its debts as they became due. See 11 U.S.C.A. § 303(h) (1979).

its notice of lien lis pendens dating from the filing of said notice.[3]

On October 23, 1978, two and one-half years prior to the formation of the contract between plaintiff and debtor, a deed of trust (Exh. 6) against the six-acre tract described in plaintiff's notice of lien lis pendens was executed in favor of Thomas H. Lowe, trustee for the Bank. This deed of trust was given to secure the payment of debtor's $100,000.00 promissory note (Exh. 10), payable in full on April 23, 1979. Signed by "Loyce B. Franklin, Pres." and "Charles M. McNeil, Act'g Sec'y," this deed of trust was recorded on October 25, 1978. The certificate of acknowledgment thereto recites:

> STATE OF TENNESSEE   –   –   –
>
> COUNTY OF _____SULLIVAN_____ } s. s.
>
> Personally appeared before me___Vickie R. Sanders___a notary public for said County and State, ___Loyce B. Franklin and Charles McNeil, President and Assistant Secretary respectively of Airport-81 Nursing Care, Inc.__ the within named bargainor_s__, with whom I am personally acquainted, and who acknowledged that ___they___executed the within instrument for the purposes therein contained.
>
> Witness my hand and official seal, at office in,__Kingsport, Sullivan County,__ _____Tennessee_____this_23rd___day of_Oct.___19_78___.
>
> My commission expires:         /s/ Vickie R. Sanders
>   12–4–78

This form of acknowledgment certificate is essentially identical to the form recited in Tenn.Code Ann. § 66–22–107(a) ' (1982). The debtor, however, is a *corporation*. The form of authentication of corporate instruments effective when the 1978 deed of trust was executed is enacted as Tenn.Code Ann. § 66–22–108(a) (Supp.1982).[4]

3. Plaintiff maintains its chancery court lawsuit to subject the debtor's six-acre tract to its claim for architectural services is a proper case for the application of Tenn.Code Ann. § 20–3–101 (1980), which enacts:

> (a) When any person, in any court of record, by declaration, petition, bill or cross bill, shall seek to fix a lien lis pendens on real estate, or any interest therein, situated in the county of suit, in furtherance of the setting aside of a fraudulent conveyance, of subjection of property under return of nulla bona, tracing a trust fund, enforcing an equitable vendor's lien, *or otherwise,* he shall file for record in the register's office of the county an abstract, certified by the clerk, containing the names of the parties to such suit, a description of the real estate affected, its ownership, and a brief statement of the nature and amount of the lien sought to be fixed. (Emphasis added.)
>
> (b) Until same is so filed, so far as concerns the rights of bona fide purchasers and encumbrancers, for value, of the realty, or any interest therein, they shall not be affected.

Plaintiff has not requested the court to retrospectively apply Tenn.Code Ann. § 66–11–102(c) (Supp.1982).

4. Tenn.Code Ann. § 66–22–108(a) (Supp.1982) provides:

> "The authentication or acknowledgment for record of a deed or other instrument in writing executed by a corporation, whether it has a seal or not, shall be good and sufficient, when made in substantially the following form:
>
> State of _____, County of _____
>
> Before me, _____ of the state and county aforesaid, personally appeared _____, with whom I am personally acquainted, and who, upon oath, acknowledged himself to be president (or other officer authorized to execute the instrument) of the _____, the within named bargainor, a corporation, and that he as such _____, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing the name of the corporation by himself as _____
>
> Witness my hand and seal, at office in _____, this _____ day of _____.
>
> Or, alternatively as follows:
>
> State of _____, County of _____
>
> On this _____ day of _____, 19___, before me appeared A.B., to me personally

A second deed of trust (Exh. 7), dated May 1, 1980, encumbering the identical property previously mortgaged in October 23, 1978, was executed in favor of the Bank's trustee, John H. McConnell, to secure debtor's contemporaneous renewal note (Exh. 11), due and payable on October 27, 1980. (The terms of both deeds of trust include this provision: "It is further agreed that this deed shall secure this debt or any renewal thereof ...") The signature block of this second deed of trust is as follows:

AIRPORT–81 NURSING CARE, INC.

By /s/ LB Franklin
    President
    /s/ Charles M. McNeil
    Vice-President

This second deed of trust was initially recorded on May 19, 1980. The acknowledgment certificate recites:

STATE OF TENNESSEE        )
                       :
COUNTY OF SULLIVAN     )

    Personally appeared before me, ____Melanie B. Lindsay____, a Notary Public for the aforesaid State and County, L. B. FRANKLIN and CHARLES M. McNEIL, who acknowledge themselves to be the President and Vice-President respectively of Airport 81 Nursing Care, Incorporated, and that as President and Vice-President they are duly authorized to execute this instrument for the purposes therein contained.

    WITNESS MY HAND AND OFFICIAL SEAL, at office in said State and County this __13th__ day of May, 1980.

                      /s/ Melanie B. Lindsay
                          Notary Public

My Commission Expires:
    ____July 28, 1980____

Apparently believing the acknowledgment certificate of the May 1, 1980, deed of trust might be defective because it does not include an affirmation by the notary that she was "personally acquainted" with the signatories, an acknowledgment complying with the requirements of Tenn.Code Ann. § 66–22–108 (Supp.1982) was substituted, and the May 1, 1980, deed of trust was recorded on April 23, 1982.[5]

known, who, being by me duly sworn (or affirmed) did say that he is the president (or other officer or agent of the corporation or association) of (describing the corporation or association), and that the seal affixed to said instrument is the corporate seal of said corporation (or association), and that said instrument was signed and sealed in behalf of said corporation (or association), by authority of its Board of Directors (or Trustees) and said A.B. acknowledged said instrument to be the free act and deed of said corporation (or association).
    (In case the corporation or association has no corporate seal omit the words "the seal affixed to said instrument is the corporate seal of said corporation or association and that," and add at the end of the affidavit clause, the words "and that said corporation (or association) has no corporate seal"). (In all cases add signature and title of officer taking the acknowledgment.)"

5. The substituted acknowledgment provides:

STATE OF TENNESSEE
COUNTY OF SULLIVAN

    Before me, ___Melanie B. Lindsay____, a Notary Public in and for the State and County aforesaid, personally appeared L. B. FRANKLIN and CHARLES M. McNEIL, with whom I am personally acquainted, and who upon oath, acknowledged themselves to be the President and Vice-President, respectively, of AIRPORT-81 NURSING CARE, INCORPORATED, the within named bargainor, a corporation, and that they as such President and Vice-President being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by themselves as such President & Vice-President.

The indebtedness of the debtor to the Bank is further secured by a deed of trust (Exh. 9), dated February 6, 1981, against a 0.52-acre trust contiguous to the six-acre tract in question. The validity of the certificate of acknowledgment of the February 6, 1981, deed of trust, duly recorded on February 13, 1981, is not at issue.

Loyce Franklin and Patsy Franklin, husband and wife, also assert a deed of trust interest against the six-acre tract in question. Their assertion is based on a deed of trust dated August 22, 1978, but not recorded until February 17, 1982. The validity of the certificate of acknowledgment of the Franklins' deed of trust is unchallenged. However, the trustee in bankruptcy contends the property description therein is insufficient and that the delay in recordation by the Franklins rendered the transfer preferential under 11 U.S.C.A. § 547(b) (1979). This issue will not be treated in the present Memorandum.[6]

The plaintiff's complaint requesting determination of the priority of the various claims against the debtor's six-acre tract was filed on October 4, 1982. Pleadings have been filed on behalf of all parties with the exception of Thomas H. Lowe, trustee, Cline Franklin, substitute trustee, and the debtor.[7]

## II

■ Tenn.Code Ann. § 66–5–106 (1982) enacts in material part:

> No deed of conveyance for lands, in what manner or form soever drawn shall be good and available in law, as to strangers, unless the same be acknowledged by the vendor, or proved by two (2) witnesses upon oath, in the manner prescribed in chapters 22 and 23 of this title, and registered by the register of the county where the land lies . . . .

Registration based upon a defective certificate of acknowledgment does not constitute notice to strangers to the instrument registered. Tenn.Code Ann. § 66–5–106 (1982); *In re Englewood Mfg. Co.,* 28 F.Supp. 653 (E.D.Tenn.1939). The Bank does not contend that either plaintiff or the trustee in bankruptcy had actual notice of its deeds of trust.

■ The initial issue before the court is whether the form of certificate of acknowledgment in the October 23, 1978, deed of trust from the debtor to the Bank satisfies the prescribed statutory form. As previously noted, although the debtor is a corporation, the form of the acknowledgment certificate found in the October 23, 1978, deed of trust is essentially identical to that prescribed by Tenn.Code Ann. § 66–22–107(a) (1982), instead of Tenn.Code Ann. § 66–22–108 (*Acknowledgment for record of corporate or partnership instrument*) (Supp.1982). However, an acknowledgment certificate is not necessarily defective merely because it is not identical to the prescribed statutory form; it is only necessary that the acknowledgment certificate substantially comply with the form prescribed. Tenn.Code Ann. § 66–26–113 (1982); *Davis v. Bogle,* 58 Tenn. 315 (1872).

The resolution of this issue is governed by the decision of the Supreme Court of Tennessee in *Pennington v. Webb-Hammock Coal Co.,* 182 Tenn. 33, 184 S.W.2d 47 (1944). *Pennington* involved an insolvent corporation, Webb-Hammock Coal Company, whose

WITNESS my hand and official seal at office in Kingsport, Sullivan County, Tennessee, this 13th day of May, 1980.

My Commission Expires:
July 28, 1980

/s/ Melanie B. Lindsay
NOTARY PUBLIC

---

**6.** Loyce Franklin filed a voluntary chapter 7 petition in bankruptcy on November 5, 1982, Case No. 3–82–01695. Margaret Fugate, the trustee in that case, is not a party to this proceeding.

**7.** Thomas H. Lowe is the trustee named in the Bank's October 23, 1978, deed of trust from the debtor. Cline Franklin is the substitute trustee of Loyce Franklin and Patsy Franklin. The original trustee in the Franklins' deed of trust from the debtor was Lynn M. Lauderback.

trust deed to Nashville Coal Company was acknowledged according to the form prescribed for individual grantors. Former Chief Justice Green, after observing both the chancellor and the court of appeals ruled the acknowledgment was defective, discussed the derivation of Section 7663 of the 1932 Code, a predecessor of Tenn.Code Ann. § 66–22–108 (Supp.1982).

Section 7663 of the Code, prescribing forms for corporate acknowledgment, is taken from subsection 3 of section 1 of Chapter 48 of the Public Acts of 1919. The first paragraph of section 1 of the Act of 1919 contains this language: "Either the forms of acknowledgment now in use in this State, or the following may be used in the case of conveyances or other written instruments, whenever such acknowledgment is required or authorized by law for any purpose." The Act then goes on to provide forms of acknowledgment for natural persons and forms of acknowledgment for corporations . . . .

The Code entirely omitted the language just quoted from section 1 of the Act of 1919 . . . . Clearly, then, Chapter 48 of the Public Acts of 1919 was revised before it was embodied in the Code of 1932, and section 2 of the Code contains the following:

"All public and general acts passed prior to the present session of the general assembly, and all such acts the subjects whereof are revised in this Code, except those named below, subject to the limitations and with the exceptions herein expressed, are repealed."

[3] The Act of 1919 does not fall within any of the exceptions and there is no escape from the conclusion of the chancellor and the Court of Appeals that the Code worked a repeal of Chapter 48 of the Public Acts of 1919 including the first paragraph of the first section of that Act authorizing the use of old forms of acknowledgment. As to natural persons, to avoid any confusion, it is to be noted that section 7634 of the Code expressly authorizes the use of the old form of acknowledgment as well as the use of the new forms contained in the Act of 1919. *There is no authority, however, in the Code for the use of any other form of acknowledgment for a corporate deed save the forms set out in Code, § 7663, and we are of opinion that those forms should be substantially followed.* (Emphasis added)

In this matter the decree of the lower court is affirmed.

*Pennington,* 182 Tenn. at 37–38, 184 S.W.2d at 48–49.

In the opinion of this court, any certificate of acknowledgment omitting a recital of authorization to execute the deed acknowledged on behalf of a corporation is deficient and fails to substantially comply with Tenn.Code Ann. § 66–22–108(a) (Supp. 1982).[8] If the form of acknowledgment certificate prescribed in Tenn.Code Ann. § 66–22–107(a) (1982) substantially conformed to the form of certificate necessary for a corporate instrument, Tenn.Code Ann. § 66–22–108(a) (Supp.1982) would be superfluous. Consequently, the Bank's October 23, 1978, deed of trust is invalid vis-a-vis both the trustee in bankruptcy and creditors of the debtor not having actual notice of the Bank's interest.[9]

**8.** The court's conclusion conflicts with the decision of the Supreme Court of Arkansas in *Fidelity & Deposit Co. v. Rieff,* 181 Ark. 798, 27 S.W.2d 1008 (Ark.1930). However, this court is not obliged to follow the judicial precedents of Arkansas; instead, this court is obliged to follow Tennessee precedents, such as *Pennington.* Furthermore, without assessing the significance of the distinction, the Bank's deed of trust herein does not bear the corporate seal, if any, of the debtor; the seal of the corporate mortgagor was affixed to the mortgage in *Rieff.* At the time of the *Rieff* decision, a president of a corporation was presumptively authorized to execute a deed on behalf of a corporation under Arkansas law if the seal of the corporation and the signature of the corporate president were both affixed to the deed.

**9.** This conclusion has been reached by the court after reviewing the terms of the deed of trust in conjunction with the language of the certificate of acknowledgment. See *Lancaster v. Boatright* (*In re Grable*), 8 B.R. 363 (Bkrtcy. E.D.Tenn.1980); *Manis v. Farmers Bank,* 170 Tenn. 656, 98 S.W.2d 313 (1936). The court does not construe the following provision of the

The court is mindful of the principle *ut res magis valeat quam pereat* (that the thing may rather have effect than be destroyed) mentioned in *Kelly v. Calhoun*, 95 U.S. 710, 24 L.Ed. 544 (1878), a case originating in Tennessee also involving a certificate of acknowledgment of a corporate deed of trust. However, there was no separate Tennessee statute governing the acknowledgment of corporate deeds when *Kelly* was decided. The certificate of acknowledgment in *Kelly* did substantially comply with the prescribed statutory form then in effect.

Furthermore, the court finds the logic of former Justice Swiggart persuasive:

> The General Assembly has deemed it necessary in two statutes to prescribe permissible forms for certificates authenticating instruments for registration. Courts should be slow in approving substituted language as equivalent in substance; and such approval should be withheld, unless the substantial conformity with the legislative certificate is *clear and free from doubt*. (Emphasis added.) Otherwise the legislative mandate will be defeated.

*Newton Finance Corp. v. Conner*, 161 Tenn. 441, 448, 33 S.W.2d 95, 97 (1930).

■ The second issue before the court concerns the validity of the acknowledgment certificate in the Bank's deed of trust dated May 1, 1980, and recorded on May 19, 1980. This acknowledgment certificate, quoted *supra*, does not include the language "with whom I am personally acquainted." A certification of the identity of a party acknowledging the authenticity of an instrument is obviously one of the critical requirements included in the prescribed statutory forms for certificates of acknowledgment. The absence of certification of

personal acquaintance with the party proffering the acknowledgment is fatally defective to the validity of the acknowledgment. *In re Englewood Mfg. Co.*, 28 F.Supp. 653 (E.D.Tenn.1939). It necessarily follows that the Bank's deed of trust recorded on May 19, 1980, is invalid as against both creditors of the debtor who were strangers to the instrument and the trustee in bankruptcy.

■ The invalidity of the Bank's deeds of trust vis-a-vis the trustee in bankruptcy [10] necessitates a determination by the court whether the re-recordation on April 23, 1982, of the Bank's May 1, 1980, deed of trust with a substituted acknowledgment certificate constituted a preferential transfer avoidable under 11 U.S.C.A. § 547(b) (1979). A transfer of property by a debtor is impermissibly preferential and avoidable under Code § 547(b), unless excepted under Code § 547(c), if the transfer—

(1) was to or for the benefit of a creditor;

(2) for or on account of an antecedent debt of the debtor;

(3) made while the debtor was insolvent;

(4) occurred on or within 90 days before the date of the filing of the petition; [11] and

(5) enabled the transferee creditor to receive more than such creditor would receive if the transfer had not occurred and payment on the creditor's claim had been made through liquidation of the debtor's estate under chapter 7 of the Bankruptcy Code.

The Bank is unquestionably a creditor of the debtor. Although the renewal obligation was executed concurrently with the May 1, 1980, deed of trust in favor of the Bank, the transfer was not perfected until

---

deed of trust to be the equivalent of authorization by corporate resolution, or otherwise, to act on behalf of the corporation: "And the grantor hereby covenants that grantor has the right to convey said property ...." Instead, the court believes the quoted language should be interpreted to mean the corporation has ownership rights entitling it to convey the property described in the deed of trust.

**10.** See 11 U.S.C.A. § 544 (1979) and Tenn.Code Ann. § 66–5–106 (1982).

**11.** If the transferee is an "insider," 11 U.S.C.A. § 101(25) (1979), with reasonable cause to believe the debtor is insolvent, this period of time is extended to one year before the date of the filing of the petition.

April 23, 1982, when the May 1st deed of trust was re-recorded with the substituted, valid certificate of acknowledgment. 11 U.S.C.A. § 547(e)(1)(A) (1979).[12] Thus, the transfer was on account of an antecedent indebtedness of the debtor. The debtor is presumptively insolvent during the 90 days immediately preceding the filing of the bankruptcy petition in cases involving allegedly preferential transfers. 11 U.S.C.A. § 547(f) (1979). Since the transfer effected through re-recordation did not occur until April 23, 1982, the transfer preceded the filing of the involuntary petition by only 24 days. Presumably, the Bank would realize a substantial recovery on its claim if allowed to foreclose its re-recorded May 1, 1980, deed of trust.[13] The debtor's schedules reflect liabilities in an aggregate amount of $529,655.73 and assets of $466,100.00. However, approximately 75% of the scheduled value of the debtor's assets consists of contingent, unliquidated claims in two separate lawsuits. Under the circumstances, the court has no hesitancy in concluding the transfer would effectively permit the Bank to recover more than it would through payment against its claim in a chapter 7 liquidation of the debtor's estate. Therefore the re-recordation of the Bank's May 1, 1980, deed of trust on April 23, 1982, is avoidable by the trustee in bankruptcy as a preferential transfer under Code § 547(b).

### III

In summary, because the acknowledgment certificates are invalid, the Bank's deeds of trust from the debtor dated October 23, 1978, and May 1, 1980, respectively recorded on October 25, 1978, and May 19, 1980, are invalid vis-a-vis the trustee in bankruptcy and creditors of the debtor not having actual notice of the instruments. The re-recordation of the Bank's May 1st deed of trust on April 23, 1982, effected a preferential transfer in favor of the Bank

avoidable by the trustee in bankruptcy under Code § 547(b).

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

**12.** For the purposes of this section—

(A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor

against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; ....

**13.** The value assigned to the six-acre tract by the debtor is $100,000.00.