**In re Charles Verlin HUTCHENS and Sidney Gail Hutchens, Gail Rakes Hutchens, Gail R. Hutchens Debtors.**

**Bankruptcy No. 3–86–02121.**

United States Bankruptcy Court, E.D. Tennessee.

Jan. 20, 1987.

Donald K. Vowell, Knoxville, Tenn., for debtors.

Marilyn L. Hudson, Asst. U.S. Atty., Knoxville, Tenn., for U.S.

Michael H. Fitzpatrick, Knoxville, Tenn., for Federal Sav. and Loan Ins. Corp. and Robert E. Craddock, Jr., trustee.

R. Louis Crossley, Jr., Knoxville, Tenn., for Twelve Oaks Co.

## MEMORANDUM ON MOTION FOR RELIEF FROM STAY BY TWELVE OAKS COMPANY

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The debtors' Chapter 13 case was commenced by the filing of a joint voluntary petition on October 9, 1986.[1] On October 24, 1986, Twelve Oaks Company (Twelve Oaks) filed a motion seeking an order declaring the automatic stay (11 U.S.C.A. § 362(a) (West 1979 & Supp.1986)) inapplicable, or, alternatively, for an order granting it relief from the automatic stay (11 U.S.C.A. § 362(d) (West Supp.1986)). This

---

**1.** A "Motion To Dismiss Or Convert To A Proceeding Under Chapter 7" has been filed by the United States of America challenging the debtors' eligibility for relief under Bankruptcy Code § 109(e). The debtors, in response to that motion, have moved for conversion to Chapter 11 in the event the court determines they are ineligible for relief under Chapter 13. While the court has determined that the debtors are not eligible for Chapter 13 relief, the matter of dismissal or conversion to Chapter 7 or 11 has not been finally resolved.

is a core proceeding. 28 U.S.C.A. § 157(b)(2)(G) (West Supp.1986).

### I

Twelve Oaks asserts it is the owner of the residence occupied by the debtors at 9640 Briarwood Boulevard, Knoxville, Tennessee. This ownership interest allegedly was acquired through a foreclosure sale conducted on January 30, 1986, by Robert E. Craddock, Jr., substitute trustee, under a Deed of Trust executed by the debtors on September 10, 1975, in favor of Knox Federal Savings and Loan Association, as "Lender." [2] This Deed of Trust secured an indebtedness in the original principal amount of $55,000.00, and is of record in the office of the Register of Deeds for Knox County, Tennessee. John J. Duncan is designated as trustee under the Deed of Trust. As is common in deeds of trust in Tennessee, the trustee, upon the occurrence of a breach of the trust agreement, is authorized to sell the mortgaged property at a foreclosure sale after acceleration of the debt secured by the mortgage.[3] Paragraph 23 of the Deed of Trust entitled "Substitute Trustee" provides:

> Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Deed of Trust is recorded. Without conveyance of the Property the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

On December 18, 1985, the Federal Savings and Loan Insurance Corporation (FSLIC), in its capacity as receiver for Knox Federal Savings and Loan, exercised its prerogative under paragraph 23 of the September 10, 1975, Deed of Trust and executed a document entitled "Substitution

Of Trustee." By this instrument, the FSLIC appointed Robert E. Craddock, Jr., substitute trustee "and clothe[d] such Substitute Trustee with all powers granted to the named Trustee in said Deed of Trust." The "Substitution Of Trustee," recorded in the office of the Knox County Register of Deeds on December 23, 1985, contains the following certificate of acknowledgement:

STATE OF ILLINOIS)
COUNTY OF COOK)

Personally appeared before me, the undersigned authority, a Notary Public in and for said County and State, FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, with whom I am personally acquainted, and who upon oath acknowledged that he executed the within instrument for the purposes contained.

WITNESS my hand and official seal at office in Cook County this the *18th* day of *December,* 1985.

/s/ Virginia [4]
Notary Public

[SEAL]

My Commission Expires:
 January 30, 1989

The substitute trustee sold the 9640 Briarwood Boulevard property at a foreclosure sale on January 30, 1986. Twelve Oaks was the successful purchaser, bidding the property in at $80,000.00. On January 30, 1986, Robert E. Craddock, Jr., substitute trustee, executed a Trustee's Deed conveying his interest in this property to Twelve Oaks. The Trustee's Deed was recorded on February 4, 1986, in the office of the Register of Deeds for Knox County, Tennessee.

For reasons immaterial, the debtors have remained in possession of the 9640 Briarwood Boulevard property subsequent to the January 30, 1986, foreclosure sale and

---

**2.** Knox Federal is now in receivership and its interest at all material times has been represented by the receiver, the Federal Savings and Loan Insurance Corporation.

**3.** Paragraph 18 of the Deed of Trust entitled "Acceleration: Remedies" sets forth those cir-

cumstances under which the lender may declare a breach, accelerate the debt, and call upon the trustee to foreclose.

**4.** The surname of the notary as it appears on the "Substitution Of Trustee" is illegible.

were living on the property on the date their Chapter 13 petition was filed. Twelve Oaks contends that as the owner of the Briarwood Boulevard real estate it is entitled to immediate possession; that the automatic stay has no application; and that it is only out of an abundance of precaution that it seeks relief from this court. In response to the Twelve Oaks motion, the debtors assert that Twelve Oaks has no interest in the real estate and that § 362(d) has no application.[5]

## II

Simply stated, the issue before the court is whether Twelve Oaks is the owner of the 9640 Briarwood Boulevard real estate by virtue of the January 30, 1986, foreclosure sale. If this issue is decided affirmatively, the real estate did not at the time of the filing of the debtors' Chapter 13 petition, nor does it now, constitute property of the estate. Section 541(a) of Title 11 of the United States Code enacts in part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property *as of the commencement of the case.*

11 U.S.C.A. § 541(a) (West 1979 & Supp. 1986) (emphasis added).

It cannot successfully be argued by a debtor that an interest exists in property, "legal" or "equitable," title to which, at the time of the commencement of a bankruptcy case, is vested in a third party, even though that title might be subject to future avoidance under bankruptcy or non-bankruptcy law. Under such circumstances, a debtor's, and thus the estate's, interest as of the commencement of the case would be in a cause of action with the property not becoming an asset of the estate unless and until the avoidance action is successfully prosecuted. (See 11 U.S.C.A. § 541(a)(3) (West Supp.1986).)

The certificate of acknowledgement on the December 18, 1985, "Substitution Of Trustee" executed by the FSLIC does not conform to the form of acknowledgement for record of corporate instruments required in Tennessee under Tenn.Code Ann. § 66–22–108(a) (Supp.1986).[6] The certifi-

---

5. The debtors in their written response to the Twelve Oaks motion incorporate certain allegations set forth in *Hutchens v. Federal Savings and Loan Ins. Corp.*, Adv.Proc. No. 3–86–0199 (Bankr.E.D.Tenn., filed October 24, 1986). Through this complaint the debtors seek, inter alia, to avoid the January 30, 1986, foreclosure sale on multiple grounds. This adversary proceeding, originally set for trial contemporaneously with the hearing on Twelve Oaks' motion, was continued at the direction of the court upon the filing of a Motion To Dismiss by the FSLIC. At the hearing on the Twelve Oaks motion, declining to permit the debtors to explore all theories raised in the adversary proceeding, the court limited the proof to whether the foreclosure sale was void ab initio.

6. Tenn.Code Ann. § 66–22–108(a) (Supp.1986) provides:

(a) The authentication or acknowledgment for record of a deed or other instrument in writing executed by a corporation, whether it has a seal or not, shall be good and sufficient, when made in substantially the following form:
State of _____, County of _____.

Before me, _____ of the state and county aforesaid, personally appeared _____, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who, upon oath, acknowledged himself to be president (or other officer authorized to execute the instrument) of the _____, the within named bargainor, a corporation, and that he as such _____, executed the foregoing instrument for the purpose therein contained, by signing the name of the corporation by himself as _____.
Witness my hand and seal, at office in _____, this ____ day of _____.
Or, alternatively as follows:
State of _____, County of _____.
On this ____ day of _____, 19__, before me appeared A.B., to me personally known (or proved to me on the basis of satisfactory evidence), who, being by me duly sworn (or affirmed) did say that he is the president (or other officer or agent of the corporation or association) of (describing the corporation or association), and that the seal affixed to said instrument is the corporate seal of said corporation (or association), and that said instrument was signed and sealed in behalf of said

cate of acknowledgment used by the FSLIC is substantially similar to the form of acknowledgment required for individuals under Tenn.Code Ann. § 66–22–107 (Supp. 1986).

This court, speaking through Clive W. Bare, Bankruptcy Judge, has previously held that any certificate of acknowledgment omitting a recital of authorization to execute a deed acknowledged on behalf of a corporation is deficient and fails to substantially comply with Tenn.Code Ann. § 66–22–108(a) (Supp.1986). *David Leonard Associates v. Airport–81 Nursing Care, Inc.*, 29 B.R. 501, 507 (Bankr.E.D. Tenn.1983).[7]

In the instant case, the court is not concerned with a defective certificate of acknowledgement to a deed. However, the instrument through which the substitute trustee derived his authority to sell the debtors' real estate at foreclosure is the September 10, 1975, Deed of Trust. Paragraph 23 of that Deed of Trust authorizes the "Lender" to appoint a successor trustee *"by an instrument recorded* in the county in which the Deed of Trust is recorded." (Emphasis added.) The argument that "recorded" means anything less than compliance with the Tennessee statutes relating to registration of instruments is spurious. The "Substitution Of Trustee" is nothing more or less than an amendment to the September 10, 1975, Deed of Trust which by its own terms requires recordation of that instrument.

Tenn.Code Ann. § 66–5–106 (1982) enacts in material part:

No deed of conveyance for lands, in what manner or form soever drawn shall be good and available in law, as to strangers, unless the same be acknowledged by the vendor, or proved by two (2) witnesses upon oath, in the manner prescribed in chapters 22 and 23 of this title, and registered by the register of the county where the land lies.…

Registration based upon a defective certificate of acknowledgment does not constitute notice to strangers to the instrument registered. Tenn.Code Ann. § 66–5–106 (1982); *In re Englewood Mfg. Co.*, 28 F.Supp. 653 (E.D.Tenn.1939); *Airport–81 Nursing Care, Inc., supra.*

Tenn.Code Ann. § 66–22–101 (Supp.1986) provides:

To authenticate an instrument for registration, its execution shall be acknowledged by the maker, if the maker is the natural person executing the instrument, or if the maker is another natural person or is a corporation, partnership, or other entity which is not a natural person, by the natural person acting on behalf of the maker or a constituent of the maker, or proved by two (2) subscribing witnesses, at least.

Tenn.Code Ann. § 66–26–101 (1982) enacts that all the instruments mentioned in § 66–24–101[8] "shall have effect between the parties to the same, and their heirs and representatives, without registration; but as to other persons, not having actual no-

---

corporation (or association), by authority of its Board of Directors (or Trustees) and said A.B. acknowledged said instrument to be the free act and deed of said corporation (or association).

(In case the corporation or association has no corporate seal omit the words "the seal affixed to said instrument is the corporate seal of said corporation or association and that," and add at the end of the affidavit clause, the words "and that said corporation (or association) has no corporate seal"). (In all cases add signature and title of officer taking the acknowledgment.)

**7.** For a discussion by the Supreme Court of Tennessee of Code Section 7663 of the 1932 Code, a predecessor of Tenn.Code Ann. § 66–

22–108 (Supp.1986), see *Pennington v. Webb-Hammock Coal Co.*, 182 Tenn. 33, 37–38, 184 S.W.2d 47, 48–49 (1944).

**8.** *Writings eligible for registration.*—(a) The following writings may be registered:

.    .    .    .    .

(2) All powers of attorney authorizing the sale, transfer, or conveyance of real … estate …;

.    .    .    .    .

(8) All mortgages and deeds of trust of either real or personal property;

.    .    .    .

Tenn.Code Ann. § 66–24–101 (Supp.1986).

tice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided."

By authority of Tenn.Code Ann. § 66–26–101 (1982), a deed is effective between the parties thereto without acknowledgment or registration, but not as to other parties without notice. *Fidelity Mutual Life Ins. Co. v. Wall*, 167 Tenn. 207, 68 S.W.2d 108, 110 (1934), citing *Wilkins v. McCorkle*, 112 Tenn. 688, 80 S.W. 834 (1904). See also this court's opinion in *West v. United American Bank*, 23 B.R. 48 (Bankr.E.D.Tenn.1982).

Paragraph 23 of the Deed of Trust goes beyond the language of Tenn.Code Ann. § 66–26–101 by requiring as a condition precedent to the valid appointment of a successor trustee that such successor trustee be appointed "by an instrument recorded in the county in which this Deed of Trust is recorded." Thus, absent registration of the instrument appointing the substitute trustee, there has been no appointment of a substitute trustee, and the FSLIC cannot argue that the instrument is valid even as between it, Robert E. Craddock, Jr., and the debtors.[9]

For the reasons herein discussed, the instrument entitled "Substitution Of Trustee" executed by the FSLIC on December 18, 1985, was defectively acknowledged and was not entitled to registration. Robert E. Craddock, Jr., had no authority or power to convey the 9640 Briarwood real estate owned by the debtors on January 30, 1986, and the sale is invalid from its inception as to all parties, with or without notice, including the FSLIC, the debtors, creditors, and the trustee in bankruptcy.

The 9640 Briarwood Boulevard real estate constitutes property of the estate in which Twelve Oaks Company has no interest.[10] The automatic stay of Bankruptcy Code § 362(a) will remain in effect.

---

**9.** These are the entities Twelve Oaks argues are "the parties" to the "Substitution Of Trustee." Assuming arguendo that Twelve Oaks is correct, it has failed to consider the rights of a trustee in bankruptcy which accrued under Code § 544(a) upon the filing of the debtors' petition.

**10.** Twelve Oaks has recourse against the FSLIC and/or Robert E. Craddock, Jr., substitute trustee, for recovery of the purchase price it paid on January 30, 1986.